[Civ. No. 8644. Second Appellate District, Division One.—May 21, 1935.]

## HARRY C. HIATT, Respondent, v. HENRY E. BROCK-MAN et al., Appellants.

[Civ. No. 8645. Second Appellate District, Division One.—May 21 1935.]

## HARRY C. HIATT et al., Respondents, v. HENRY E. BROCKMAN et al., Appellants.

[Civ. No. 8646. Second Appellate District, Division One.—May 21, 1935.]

## HARRY C. HIATT, Respondent, v. HENRY E. BROCK-MAN et al., Appellants.

Elliott & Aberle and Robert E. Moore, Jr., for Appellants.

T. L. Foley and Dryer, Castle & Richards for Respondents.

CONREY, P. J.—In No. 8644, the plaintiff sued to recover damages for the death of his minor son Jackie Verne Hiatt, resulting from a collision between an automobile operated by the plaintiff and a truck and trailer operated by the defendant Henry E. Brockman; it being alleged that said collision and said death of said plaintiff's son were caused by negligence of the defendant Henry E. Brockman in his operation of said truck and trailer. In No. 8645 it was alleged that Dorothy Lillian Hiatt, wife of the plaintiff Harry C. Hiatt and daughter of the plaintiff Anna M. Headrick, was killed as a direct and proximate result of the negligence of said Brockman as above stated. In No. 8646 the plaintiff Harry C. Hiatt sued for personal injuries received by himself in the same accident above mentioned. The defendants, Patritti and Patritti Bros., are sued as owners of said truck and trailer and employers of Brockman. In each action, judgment was entered against the defendants, and they appeal therefrom.

The accident occurred thirty minutes after midnight, at the intersection of Western Avenue and 190th Street. Plaintiff, in a Ford car, was going north on Western Avenue. Brockman, in his truck, was going west on 190th Street. There was a "boulevard stop" sign, which required a stop to be made before attempting to cross Western Avenue at that intersection. One of the alleged negligent acts of Brockman was, that he failed to stop, and that he carelessly proceeded across, all without due regard for the safety of others.

It is contended by appellants that the evidence is "insufficient to show" negligence on the part of appellants. There is evidence, substantially tending to prove that Brockman was crossing the intersection at an excessive speed, and without having made the boulevard stop. His own testimony is that he did stop, and that his speed was only twelve miles per hour. But there is other evidence showing that when questioned soon after the accident, he carefully limited his re-

plies to a statement that he "slowed down". And as to speed within the intersection, the plaintiff testified that the truck was moving at not less than twenty miles per hour.

■ Appellants contend that the evidence "clearly shows" that the plaintiff was guilty of negligence which contributed proximately to the collision. But while some of the evidence tends toward support of this argument, there is substantial evidence to the contrary. Both on the question of negligence of the defendants, and on the issue of contributory negligence, notwithstanding some evidence in favor of the defendants, the verdict is based upon evidence amply sufficient to sustain the jury's decision.

■ Appellants' third point is that the court erred in one of its instructions, because the instruction, although it correctly stated the law, did not contain a further statement on another question connected with the subject matter of the given instruction. But appellants do not show or claim that they asked for such additional instruction. The point is without merit. (*Rogers* v. *Interstate Transit Co.*, 212 Cal. 36, 44 [297 Pac. 884], citing *Townsend* v. *Butterfield*, 168 Cal. 564, 569 [143 Pac. 760].)

■ Our decision on the foregoing points of the appeal, is a complete answer to appellants' further contention that the court erred in denying their motion for a new trial.

The judgments are, and each of them is, affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 17, 1935.