[Civ. No. 12776. Second Appellate District, Division Two.—December 30, 1940.]

RALPH E. PECKHAM et al., Respondents, v. WARNER BROS. PICTURES, INC. (a Corporation), et al., Defendants; BLAYNEY MATTHEWS, Appellant.

Freston & Files and Ralph E. Lewis for Appellant.

Bautzer & Ryan, Gregson Bautzer, G. Bentley Ryan and William H. Ernst for Respondents.

McCOMB, J.—From judgments in favor of plaintiffs after trial before a jury in an action to recover damages for false arrest and false imprisonment, defendant Matthews appeals.

This case was formerly before us upon an appeal from a judgment in favor of defendant predicated upon the granting of his motion for a judgment notwithstanding the verdict of the jury. This court reversed the judgment, and subsequently a petition for a hearing before the Supreme Court was denied (*Peckham* v. *Warner Bros. Pictures, Inc.*, 36 Cal. App. (2d) 214 [97 Pac. (2d) 472]). The present appeal is from the judgments based upon the verdicts of the jury as subsequently reduced in denying a motion for a new trial by the trial judge whereby he allowed the plaintiff Peckham $5,000 compensatory damages and $500 punitive damages and the plaintiff Sorrell $3,000 compensatory damages and $500 punitive damages.

Since the facts are identical with those presented to us on the previous appeal, it would serve no useful purpose to here repeat them. Reference is made to the statement thereof in *Peckham* v. *Warner Bros. Pictures, Inc.*, *supra*, p. 215.

Defendant Matthews here contends that:

*First: He was not liable for the detention of the plaintiffs, whether or not they were taken before a magistrate within a reasonable period after their arrest.*

*Second: The trial court did not fully instruct the jury upon certain questions of law involved in the trial of the present action.*

*Third: The amount of the damages awarded by the jury and as subsequently reduced by the trial court as a condition of denying defendant's motion for a new trial is excessive.*

■ Defendant's first contention is without merit. The question which is here presented by defendant was before us on the former appeal upon the same evidence. In our former opinion we held adversely to defendant's contention (*Peckham* v. *Warner Bros. Pictures, Inc., supra,* p. 218), and, since our former ruling has become final, the views expressed in the majority opinion concurred in by Mr. Presiding Justice Moore constitute the law of the case.

■ Defendant may not properly urge his second contention at this time, for the reason that he did not request the trial court to instruct the jury upon the phases of the law which he now urges were not called to the attention of the jury. The rule is established that in a civil case a party may not successfully urge that it was error for the court to fail to submit instructions to a jury in the absence of a request therefor by the complaining party (*Rogers* v. *Interstate Transit Co.,* 212 Cal. 36, 44 [297 Pac. 884]; *Hiatt* v. *Brockman,* 7 Cal. App. (2d) 88, 90 [45 Pac. (2d) 411]).

■ Defendant's final contention is likewise without merit. The law is established that a jury's verdict will not be set aside on appeal on the ground that the damages are excessive, unless the verdict is so outrageously excessive as to suggest at the first blush, passion, prejudice or corruption (*Corvin* v. *Hyatt,* 10 Cal. App. (2d) 107, 108 [51 Pac. (2d) 176]). Applying the rule just stated, the verdicts in the present case are not in our opinion excessive. Plaintiffs were incarcerated for over a day and received much unfavorable publicity in the local press. We are satisfied that the judgments find substantial support in the evidence.

For the foregoing reasons the judgments are and each is affirmed.

Moore, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied on February 24, 1941. Edmonds, J., voted for a hearing.