[Civ. No. 3072.   Fourth Dist.   Apr. 27, 1943.]

FRED E. DIEL, Respondent, v. AUGUSTA J. BAXTER, as Executrix, etc., et al., Appellants.

G. L. Aynesworth and Harry Sarkisian for Appellants.

Fred J. Rogers and Matt Goldstein for Respondent.

GRIFFIN, J.—For some time prior to May 15, 1938, defendants and appellants owned a soda bottling works at 808 R Street in Fresno. Immediately to the rear of the bottling works but facing on S Street at No. 817 was erected a garage or storehouse which was used in storing empty bottles and cases. The business was operated under the name of Ideal Bottling Works. About three months prior to May 15, 1938, respondent commenced negotiations with appellants for the purchase of the business. In furtherance of these negotiations, on *May 20, 1938,* there was brought to John K. Baxter a document called an option to buy the Ideal Bottling Works. It was signed by Baxter and Fred E. Diel, and provided generally that Baxter give Diel an option "on all of my equipment, good will and business, as now established and operating at 808 R Street, Fresno . . . until June 1, 1938, for $13,000." The price included all "furniture, fixtures, equipment of every nature and description, as now being used in connection with the above business, including bottles, cases, stock on hand, syrups, soda water, labels, labeling machines . . . and any and all other merchandise or furniture, fix-

tures and equipment used but not specifically mentioned."
Below the date line appears the notation: "All 7 & 8 oz.
discarded bottles are not in this deal." On *June 2, 1938,* the
parties signed an agreement of sale whereby respondent
agreed to purchase from the Baxters "all that personal prop-
erty now being located at 808 R Street . . . the same being
particularly described in Exhibit A . . . hereto annexed and
made a part and portion hereof," for $13,000, payable as
follows: $3,000 down and $1,000 per year thereafter. Right
of possession was given as of *June 8, 1938.* It was provided
that "none of the personal property shall be removed from
said place of business except for the purpose of carrying on
the business." It then set forth the rights of the respective
parties in case of default in payment, and for a bill of sale
of the property if all payments were made, and provided that
if the Baxters were called upon to defend any action to
protect any of their rights under the agreement, a reasonable
attorney's fee should be paid to the prevailing party. Exhibit
A, attached to the agreement, listed the property included in
the above contract of sale and, so far as material here, in-
cluded "*all* soft drink cases and bottles marked with the
brand 'Ideal Bottling Works' and *all cases and bottles of
every other kind and character now being the property of
the parties of the first part* (defendants) . . . one Cleveland
Union Soaker, completely installed . . . approximately 3,500
cases with bottles . . . *all* bottles containing 'Ideal' name in-
cluding 6½ Hexagon 'Ideal' bottles and 9 oz. 'Ideal' bottles
. . . *All* 6½ splits, the 12 oz. plain glass bottles, there being
approximately 500 cases thereof . . . *All* Moxie bottles and
cases, approximate number being 600." (Italics ours.)

The dates above italicized are significant because the agree-
ment for sale, although dated and executed by the parties on
June 2, 1938, did not give the purchaser the right of possession
until June 8, 1938. It was between these two dates, according
to the complaint and the respondent's evidence but disputed
by appellants, that the appellants wrongfully removed and
disposed of approximately 3,500 cases filled with bottles which
respondent claims were included in the sale and which were
at the time stored in the garage and warehouse at No. 817 S
Street, which was immediately to the rear of 808 R Street.

The evidence discloses that sometime during the early nego-
tiations, Mr. Baxter was endeavoring to install a new bottle-
washer or "soaker" in his plant, and had made some arrange-
ments with a Los Angeles firm for its purchase. When Baxter

returned from a trip to that city he informed respondent that he could not accept the $12,000 offer he had made due to the fact that he was installing a new soaker and was turning in the old one; that therefore the purchase price would have to be $13,000.

The respondent then testified that he consented to pay the additional $1,000 if the new soaker would be installed, which was to be about June 1st. The evidence discloses that it arrived at the plant about June 3rd or 4th, and it further shows that the Baxters, at that time, delivered to the firm in Los Angeles where they purchased the soaker, at least 2,000 cases of bottles at 30 cents per case and 1,000 cases at 20 cents, which bottles were in storage in the garage at 817 S Street. Appellants claim that these particular bottles were not included in the sale and were their bottles at that time. Respondent maintains an opposite claim, and upon discovery of the fact that Baxter had sold these particular bottles, he brought this suit for damages in the sum of $1600. The jury returned a verdict in the sum of $1150. This appeal followed.

■ The predominant note sounded throughout appellants' brief is that this is not an action for breach of contract but rather one for conversion, and arguing from this premise, they urge that since the right to possession is a *sine qua non* of an action for conversion and since the respondent neither alleged nor proved that he was entitled to possession of the bottles until June 8, 1938, no cause of action was either alleged in the complaint or proved by the evidence.

Paragraph I of the complaint alleges the making of the written agreement and incorporates it by reference and annexation. Paragraph II alleges compliance by the plaintiff with all the terms and conditions of the agreement on the plaintiff's part to be performed. Paragraph III alleges the breach by the defendants and that they "have wrongfully failed and refused to deliver up to the plaintiff approximately thirty-five hundred (3500) soft drink cases and bottles so sold under said agreement by said defendants unto plaintiff" but wrongfully "appropriated" them to their own use and disposed of them, and "made it impossible for them (defendants) to ever convey" them to plaintiff and "that the reasonable value of said personal property was and is the sum of $1600." Paragraph IV alleges damages in that sum. These are the essential allegations of the complaint.

The most that can be said in support of the appellants'

position is that the complaint was either uncertain and ambiguous or that it contained a misjoinder of causes of action. These objections must be made by motion, demurrer or answer or they are deemed waived. (Sec. 434, Code Civ. Proc.) The record shows that the defendants failed to do so and they may not now raise these matters for the first time on appeal. (*Reynolds* v. *Hook*, 109 Cal.App. 226, 235 [292 P. 1000]; *Hicks* v. *Scott*, 48 Cal.App.2d 481, 484 [120 P.2d 107].) The case was apparently tried upon the theory of breach of contract. Appellants endeavored to recover $500 counsel fees, by way of cross-complaint, under the provisions of the contract. The cross-complaint so interposed would have had no place whatever in the action if it had been based upon conversion.

In instructing the jury the court stated that this action was brought for damages ''alleged to be sustained by the plaintiff as the result of the failure of the defendants to deliver unto the plaintiff 3500 soft drink cases and bottles, in accordance with the terms of a certain written agreement made and executed by and between the plaintiffs and the defendants . . . and that any liability on the part of the defendants, if any, must thus be determined by the obligations imposed on them under the terms of said agreement of sale made on June 2nd, 1938, between plaintiff, as buyer, and defendants as sellers.'' Appellants did not request that a single instruction be given to the jury upon the theory of conversion. At the request of appellants, however, an instruction was given to the jury to the effect that it was for them to determine whether the *agreement* had been breached by the defendants. It can thus be seen that the matter was presented in the court below to the jury as one for breach of contract. The appellants may not now endeavor on appeal to change the theory of the suit to one for conversion. It is well settled that the theory upon which a case is tried in the court below must be adhered to on appeal. (2 Cal.Jur. p. 237, sec. 68; *Marra* v. *Aetna Construction Co.*, 15 Cal.2d 375, 379 [101 P.2d 490]; *United States Farm Land Co.* v. *Darter*, 42 Cal.App. 292, 303 [183 P. 696].)

During the course of trial evidence was offered and admitted, over objections, for the purpose of interpreting the agreement and determining the intention of the parties as to whether these particular bottles in question were or were

not included in its terms. The evidence was plainly admissible, as disclosed by a mere reading of the contract. The jury was fully authorized to consider that evidence, as well as the evidence offered by appellants in that respect, in construing it. Its determination was a reasonable one and may not therefore be disturbed on appeal. (Sec. 1860, Code Civ. Proc.; *Kenney* v. *Los Feliz Investment Co., Ltd.,* 121 Cal.App. 378 [9 P.2d 225]; *Lemm* v. *Stillwater Land & Cattle Co.,* 217 Cal. 474, 479 [19 P.2d 785]; 6 Cal.Jur. 278, sec. 171.)

It is next argued that the court erred in refusing to give appellants' proffered instruction to the effect that "only bottles and cases mentioned and described in the agreement were such bottles and cases as on the date of said agreement, namely, June 2nd, 1938, were located at 808 R Street . . . and which bottles and cases were, on said date, the property of the defendants . . . that is, were owned by said defendants," and that "therefore, if you find that certain bottles and cases had been sold by John K. Baxter to the Armstrong Bottle Company before June 2nd, 1938, then I instruct you that plaintiff has no right to a recovery against the defendants"; and that if they should find "that defendants either gave or agreed to give the same to the plaintiff as a gift and subsequently failed to deliver to plaintiff as many bottles and cases as they represented they would give . . . any such failure will not justify recovery for plaintiff."

Even if we assume that the instructions as offered were correct, which we do not, the court did give an instruction, offered by appellants, to the effect that it must bear "in mind at all times that any liability on the part of the defendants, if any, must at all times be determined by the obligations imposed on them under the terms of said agreement of sale made on June 2nd, 1938, between the plaintiff as buyer and defendants as sellers," and that "if you find that the defendants have delivered to the plaintiff all bottles and cases, which were meant and described in the agreement of sale, then your verdict should be for the defendants." The jury was fully and fairly instructed on the subject matter. The duty of a court is performed when the jury is properly instructed as to the law of the case. (*Nelson* v. *Southern Pacific Co.,* 8 Cal.2d 648 [67 P.2d 682].)

The next complaint involves an instruction on the measure of damages. Respondent requested and the court gave an instruction that if "your verdict is for the plaintiff you may

award such damages within the amount claimed by the plaintiff as, in your opinion, will, under the circumstances of the case, justly compensate the plaintiff for his pecuniary damages, which shall be in a sum equal to the price for which plaintiff might have bought an equivalent number of cases and bottles, which the defendants may have failed to deliver to plaintiff under said contract, in the market nearest to the place where the property ought to have been put into the possession of the plaintiff, and at such time after the breach of duty upon which plaintiff's right of damages is founded as would suffice, with reasonable diligence, for him to make such a purchase.''

The respondent apparently endeavored to set forth the rule in reference to the measure of damages in case of a breach of contract under sec. 3300 of the Civil Code. Appellants argue that respondent was not entitled to a judgment for the full value of the bottles sold if he was only purchasing them under a contract of sale, i. e., his interest in the bottles was a conditional interest depending on compliance by him with the terms thereof, and if he failed to make the necessary payments on the contract his interest in and to the bottles here involved would of necessity, by the terms of the contract, cease. There is merit to this argument, as there would otherwise be a judgment in full against appellants, payable forthwith, for the claimed breach of the contract by them. Respondent's right to a recovery in full was conditional on his compliance with the contract.

While the judgment can be and should be supported as to the amount found due, it should be and is modified by striking out the last paragraph thereof and inserting in lieu thereof the following: ''Wherefore, by virtue of the laws and by reason of the premises aforesaid, it is ordered, adjudged and decreed that Fred E. Diel have and recover from defendants $1150, together with costs and disbursements incurred in the action, amounting to the sum of $144.10; that $1150 thereof be applied on the purchase price of the property under the contract of sale.''

The judgment is affirmed as modified. Respondent to recover his costs on appeal.

Barnard, P. J., and Marks, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 24, 1943.