[Civ. No. 14588.   Second Dist., Div. One.   Feb. 14, 1945.]

JOSEPH D. JAMES, a Minor, etc. et al., Respondents, v. MARTHA MYERS, Appellant.

C. F. Jorz for Appellant.

Victor J. Obegi and Albert E. Wheatcroft for Respondents.

WHITE, J.—This action was instituted by plaintiffs to recover from defendant damages for personal injuries sustained by the minor plaintiff while operating a motorcycle which collided with an automobile operated by defendant on a public highway. The complaint is the usual one alleging carelessness and negligence on the part of the defendant. By her answer defendant denied the alleged negligence on her part and set up as a special defense contributory negligence on the part of the minor plaintiff in the operation of his motorcycle.

With the issues thus framed, the cause proceeded to trial before a jury, which returned a verdict in favor of both plaintiffs for the aggregate sum of $2,900. From the judgment entered upon such verdict, defendant prosecutes this appeal.

The factual background surrounding this litigation may be

thus epitomized: The accident happened on March 24, 1943, near the intersection of Woodman and Victory Boulevards in the city of Los Angeles. The minor plaintiff, eighteen years of age, was operating his motorcycle in an easterly direction on Victory Boulevard. Occupying the seat on the vehicle with the minor plaintiff was another young man, also eighteen years of age. The seat was described as a ''large seat'' 24 inches in length, and at its widest point (the rear thereof) was 18 inches in width. The minor plaintiff was seated on the front portion or horn of the seat. He testified he had ''plenty of room,'' was able to reach the clutch and footbrake, could actuate the handbrake and manipulate the gas. Prior to the happening of the accident here in question, the minor plaintiff had made many stops, had travelled through traffic and, according to his testimony, was able to operate the brakes and throttle without difficulty. According to his testimony, the leg of his companion might have touched the minor plaintiff, but the latter ''was not resting upon him.'' The minor plaintiff's companion testified that he was riding upon ''the back area, the back half'' of the seat, that his feet rested upon the running boards, while his hands were ''on the back of the seat.'' That the knee of his right leg ''might have touched the back'' of the driver's right leg, but other than that their bodies did not touch.

Victory Boulevard runs in a general easterly and westerly direction, while Woodman Boulevard runs generally north and south. On the southeast corner is located a gasoline service station, and it was out of this service station that appellant drove her automobile onto the highway. The minor plaintiff, according to his testimony, was about to enter the intersection of Woodman and Victory Boulevards when he first saw defendant's automobile, which was just pulling out of the service station, and the rear of her vehicle was still in the service station. To quote from the minor plaintiff's testimony, ''She was either stopped or just pulling out slowly out of the driveway.'' The minor plaintiff slowed down his speed and did not accelerate his motorcycle at all in the belief that defendant would continue her course on across Victory Boulevard. There were other disinterested witnesses one of whom testified with reference to defendant's automobile, ''It pulled right on out and after it got out into the street, it seemed to me when the rear end got out, she just checked.'' Another

such witness testified "Yes. I saw her car drive out onto the pavement and it almost stopped, it was so slow . . ."; while yet another disinterested witness testified, "When I first noticed the car, the Packard, it had just pulled out a little bit; it seemed as if she checked her speed, stopped, maybe not a complete stop, but it was not moving enough to notice."

As the minor plaintiff came closer to defendant's automobile, he became apprehensive that the latter would not completely clear his path. He applied his brakes and turned right in an attempt to pass behind defendant's automobile. The left front fork of his motorcycle came in contact with the automobile and his left leg struck the left end of the rear bumper on defendant's vehicle. According to the minor plaintiff, he was thrown from his motorcycle and, while lying on the ground, looked back and saw defendant's automobile still on the pavement with the front wheels of defendant's vehicle at the centerline of Victory Boulevard, and that it was occupying the south half of the highway.

Defendant testified that she drove out of the service station, "proceeded in low gear from the soft shoulder into the middle of the intersection, and right at this point I put my left arm out indicating to the vegetable truck (This was a truck which defendant testified she saw proceeding slowly along the boulevard.) that I was going to make a left turn on Woodman. I proceeded this way in the intersection, and then my car stopped." With reference to when she first observed the minor plaintiff and his motorcycle, defendant testified that she stopped her automobile on the soft shoulder coming out from the service station onto Victory Boulevard, that she then "looked up and down Victory, and saw about 300 feet up Victory. . . . This is open road, and you can see about 11 blocks without interference." Testifying further, the defendant stated "and I saw two boys on a motorcycle somewhere away up in here, and observed they were going rather fast, and that there were two of them on the motorcycle, so I figured out just exactly how much time it would take to go ahead and get out there." With reference to the accident, the defendant testified "I made a complete left turn and then I saw a commotion in the mirror, so I knew something was wrong, so I drove right straight back to this station." According to the defendant, she was unaware of the fact that there had been an accident at the time it occurred and her

testimony at the trial was "I had my left arm out to make a left turn, and I never knew they hit me. I heard nothing at all." The foregoing is a concise factual résumé of the testimony pertaining to the happening of the accident.

Upon the trial of this action defendant relied for a defense primarily upon the minor plaintiff's violation of certain traffic regulations as set forth in Los Angeles Municipal Code, Ordinance No. 77,000, as amended, to and including Ordinance No. 88,136, and particularly section 80.27 thereof. A certified copy of said ordinance was offered in evidence. The pertinent provision thereof reads:

"RIDING ON MOTORCYCLES AND BICYCLES. A person operating a motorcycle or bicycle shall not ride other than upon the permanent and regular seat attached thereto, nor carry any other person upon such motorcycle or bicycle other than upon a firmly attached seat to the rear of the operator, nor shall any person ride upon a motorcycle or bicycle other than as above authorized."

Plaintiffs objected to the introduction into evidence of this ordinance on the ground that the same was invalid and unconstitutional and therefore incompetent, irrelevant and immaterial. In the trial court plaintiffs asserted, and now on appeal they urge that the ordinance in question attempts to impose additional requirements in a field which is fully occupied by state statutes and, being in conflict with general laws, cannot be enforced (Cal. Const., art. XI, § 11).

Upon the grounds urged by plaintiffs, the court sustained the objection to the introduction in evidence of a certified copy of said city ordinance.

That the power of the state Legislature to regulate traffic upon the streets of a municipality is superior to that of the local authorities was the holding in *Ex parte Daniels*, 183 Cal. 636, 641 [192 P. 442, 21 A.L.R. 1172], and *Pipoly* v. *Benson*, 20 Cal.2d 366, 369 [125 P.2d 482, 147 A.L.R. 515]. While municipalities may make new and additional regulations in aid and furtherance of the purpose of the general law, where the Legislature has undertaken to regulate by prohibitory enactments a general course of conduct,

"Regardless of whether there is any actual grammatical conflict between an ordinance and a statute, the ordinance is invalid if it attempts to impose additional requirements in a field which is fully occupied by the statute. Thus, it has been

held from an early date that an ordinance which is substantially identical with a state statute is invalid because it is an attempt to duplicate the prohibition of the statute.'' (*Pipoly* v. *Benson, supra,* p. 370.) The rule is thus stated in *Atlas Mixed Mortar Co.* v. *City of Burbank,* 202 Cal. 660, 663 [262 P. 334]:

''The effect of these several decisions is to declare that whenever the state of California sees fit to adopt a general scheme for the regulation and control of motor vehicles upon the public highways of the state, the entire control over whatever phases of the subject are covered by state legislation ceases in so far as municipal or local regulation is concerned.''

If the language of the statute admits of the conclusion that the Legislature did not intend its regulations to be exclusive, then the general rule permitting additional supplementary local regulations has been applied (*Pipoly* v. *Benson, supra,* p. 371).

In connection with the all important and ofttimes difficult question of whether the state law was intended to occupy the entire field, insofar as the carrying of passengers upon a motorcycle is concerned, we find in division IX, chapter 2, section 458, of the Vehicle Code, the following:

''The provisions of this division are applicable and uniform throughout the State and in all counties and municipalities therein and no local authority shall enact or enforce any ordinance on the matters covered by this division unless expressly authorized herein.''

This is followed by section 459, giving express authorization to local authorities for adoption by them of rules and regulations governing processions, the operation of vehicles for hire and the regulation of traffic by means of officers or traffic signals. Section 472 of the Vehicle Code empowers local authorities to adopt special rules and regulations dealing with the parking of vehicles. Chapter 14, division IX, of the Vehicle Code is entitled ''Miscellaneous Rules,'' and in said chapter, we find section 596.5, which provides:

''UNLAWFUL RIDING. No person shall ride on any vehicle upon any portion thereof not designed or intended for the use of passengers. This provision shall not apply to an employee engaged in the necessary discharge of a duty or to persons riding within vehicle bodies in space intended for merchandise.''

We are persuaded that the provisions of section 596.5 of the Vehicle Code and the provisions of the city ordinance here under consideration, in substance and effect mean exactly the same thing. The first sentence of the pertinent code section provides:

"No person shall ride on any vehicle upon any portion thereof not designed or intended for the use of passengers."

Under the undisputed facts, no portion of the motorcycle in question was designed or intended for the use of passengers. There was but one saddle, or seat, which obviously was designed and intended for the use and occupancy of the operator of the vehicle. The operator of such a vehicle is in no sense a passenger. No provision is made for passengers on a vehicle such as the one with which we are here concerned. Therefore, the act of the minor plaintiff and his companion in riding on a single seat, intended and designed for the exclusive use of the operator of the vehicle was a violation of the foregoing provision of the Vehicle Code.

In view of the foregoing, it is manifest that the Legislature has clearly signified its intention of completely occupying the field of regulation insofar as riding upon a motorcycle upon the public highways of this state is concerned. The statute and the ordinance being in substance and effect the same, there is within that field no scope for supplementary local regulations adopted by the city of Los Angeles, and the trial court was correct in declaring the ordinance invalid for that reason (*Pipoly* v. *Benson, supra*).

Defendant was entitled, had she so requested, to have the jury instructed as to the legal meaning and application of section 596.5 of the Vehicle Code to the case at bar and that the conduct of the minor plaintiff amounted to a violation of the statute. However, our attention has not been directed to any refused instructions offered by the defendant bearing on the provisions of section 596.5 of the Vehicle Code. Therefore, appellant cannot complain of the failure to give such instruction, even though it was applicable (*Scandalis* v. *Jenny*, 132 Cal.App. 307, 313 [22 P.2d 545]). In charging the jury, the court may state to them all matters of law which it thinks necessary for their information in giving their verdict (Code Civ. Proc., § 608), and either party may request special instructions to be given covering any law pertinent and applicable to the case (Code Civ. Proc., § 609). By a long line of

cases it is established as the law in this state that the verdict of the jury will not be set aside for failure of the court to submit instructions to a jury in the absence of a request therefor by the aggrieved party. The reason for this salutary rule is obvious (*Rogers* v. *Interstate Transit Co.,* 212 Cal. 36, 44 [297 P. 884]; *Flynn* v. *Young,* 25 Cal.App.2d 614, 620 [78 P.2d 245]; *Bramble* v. *McEwan,* 40 Cal.App.2d 400, 414 [104 P.2d 1054]; *Peckham* v. *Warner Bros. Pictures, Inc.* 42 Cal. App.2d 187, 189 [108 P.2d 699]; *Hiatt* v. *Brockman,* 7 Cal. App.2d 88, 90 [45 P.2d 411]; *Balbridge* v. *Cunningham,* 31 Cal.App.2d 128, 132 [87 P.2d 369]; *People* v. *Talbott,* 65 Cal. App.2d 654, 665 [151 P.2d 317]; *Diel* v. *Baxter,* 58 Cal.App. 2d 383, 388 [136 P.2d 789]; *Nelson* v. *Southern Pac. Co.,* 8 Cal.2d 648, 653 [67 P.2d 682]; *Parker* v. *James Granger Inc.,* 4 Cal.2d 668, 677 [52 P.2d 226]). No other grounds for reversal are urged upon this appeal.

For the foregoing reasons, the judgment is affirmed.

Doran, J., concurred. York, P. J., dissented.