[Civ. No. 17975.  First Dist., Div. Two.  Sept. 4, 1958.]

DAMON JOHNSON, Appellant, v. MATSON NAVIGATION
COMPANY (a Corporation), Respondent.

Belcher, Bachand & Bloom for Appellant.

Brobeck, Phleger & Harrison for Respondent.

DRAPER, J.—Plaintiff was employed as a bellboy on the S.S. Lurline. He brought this action under the Jones Act (46 U.S.C.A. § 688) for injuries allegedly incurred in a fall aboard ship. Jury verdict was for defendant, and plaintiff appeals from the ensuing judgment.

Appellant's principal injury was to his back. On direct examination, he testified that he had received a back injury in a similar accident five years before. In cross-examination, he was asked about the circumstances of the earlier fall and the extent of the injury then suffered. Appellant objected, and respondent asserted that the evidence was offered for its bearing upon the issue of contributory negligence. In

general, evidence of other accidents is not material on the issue of negligence. (*Lowenthal* v. *Mortimer,* 125 Cal.App.2d 636, 640 [270 P.2d 942].) ■ However, evidence of the former injury was admissible to show that appellant's present condition resulted in whole or in part from that injury. (*Le Blanc* v. *Browne,* 78 Cal.App.2d 63, 75 [177 P.2d 347].)
■ Evidence admissible for any purpose must be received, even if improper for another purpose. (*Daggett* v. *Atchison, T. & S. F. Ry. Co.,* 48 Cal.2d 655, 665-666 [313 P.2d 557].)
■ In overruling appellant's objections, the court repeatedly stated, in the presence of the jury, that this evidence was admitted solely for its bearing upon the issue of injury. Appellant cannot complain of the lack of a formal admonition to the jury as to the limited purpose of the evidence, since he made no request therefor. (*Lewis* v. *Southern Pac. Co.,* 98 Cal.App.2d 358, 363 [220 P.2d 431].)
■ It may well have been error for respondent to ask appellant whether he made a claim and received money for the previous injury (*Coleman* v. *Southern Pac. Co.,* 141 Cal. App.2d 121, 133 [296 P.2d 386]), but these questions were not objected to by appellant, and the clearly erroneous question as to the amount of the settlement was asked by appellant's own counsel.

Even if there were error in any part of this line of examination, it was not prejudicial. ■ Appellant's argument that the evidence may have been considered by the jury on the issue of contributory negligence is not persuasive. The rule of comparative negligence applies in actions under the Jones Act. (*Socony-Vacuum Oil Co.* v. *Smith,* 305 U.S. 424, 431 [59 S.Ct. 262, 83 L.Ed. 265].) Thus contributory negligence is not a full defense, but results only in mitigation of damages. ■ The jury here, in finding for defendant, impliedly found that no negligence on the part of defendant contributed to plaintiff's injury.

■ Appellant also asserts error in the refusal of an offered instruction that respondent is liable if it "was guilty of any negligence whatsoever" which proximately contributed to appellant's injury, and another that respondent is liable if its failure to provide a reasonably safe place to work was "the proximate or contributing cause of injury." Under the rule of comparative negligence here applicable, it is clear that a defendant is liable, in a proportion to be fixed by the jury, if its negligence contributed in any way to the injury of plaintiff employee. But the jury was instructed that if

plaintiff's negligence "contributed only in part to the happening of the accident," then only the proportion in which that negligence contributed was to be deducted from his award, and was instructed in detail on the method of awarding damages according to the percentage contributed to the injury by the negligence of each party. The instructions given clearly informed the jury that contributory negligence was not a complete defense unless plaintiff's negligence were the sole proximate cause of the injury. Thus the instructions requested by appellant were redundant, and their refusal was not error. (*Kent* v. *First Trust & Savings Bank,* 101 Cal.App. 2d 361, 374 [225 P.2d 625].)

We are unable to understand appellant's suggestion that the court erred in failing to give BAJI instruction 104-A, to the effect that there may be more than one proximate cause of an injury. Appellant did not request such instruction, and therefore cannot complain of the failure to give it. (*Peckham* v. *Warner Bros. Pictures, Inc.,* 42 Cal.App.2d 187, 189 [108 P.2d 699].)

Judgment affirmed.

Dooling, J., concurred.