[Civ. No. 6009. Fourth Dist. June 8, 1959.]

WILLIAM A. BALLARD, Respondent, v. THOMAS AUGUSTINE et al., Appellants.

PETER LAWRENCIE DIVIZICH, Respondent, v. WILLIAM A. BALLARD et al., Defendants; PETER JURKOVICH et al., Appellants.

Hanna & Brophy and Oren, McCartney, Sells & Edman for Appellants.

Bradley, Wagy, Bunker & Hislop and Fuller, Christenson & Kralowec for Respondents.

MUSSELL, J.—This is an appeal in two personal injury actions which were consolidated for trial by stipulation of the parties. The appellants, Thomas Augustine, an individual, Bob Jurkovich, Nina Jurkovich, Vincent Jurkovich, and Peter Jurkovich, individually and as copartners doing business as Porterville Cement Pipe Company (hereinafter referred to as defendants Jurkovich) were named as defendants in the first action, Superior Court Number 50167, in which William A. Ballard was plaintiff. The second action, Superior Court Number 50399, was brought by Peter Lawrence Divizich against William A. Ballard and defendants Jurkovich. A jury trial resulted in a verdict in each case against the defendants Jurkovich and exonerated Ballard and Divizich in their respective capacities as defendants.

The collision out of which these actions arose occurred at approximately 5:35 p.m. on December 14, 1956, on Highway 65 about a mile north of Ducor in Tulare County. The highway, with two traffic lanes, runs north and south, and the macadam portion at the place of the accident is approximately 22 feet wide. Ballard was traveling north in his Chevrolet automobile when his car struck a G.M.C. pickup being driven south in the southbound traffic lane.

After noon on the day of the accident, Thomas Augustine, an employee of the Porterville Cement Company, was operating an International pickup truck and pulling a large two-wheel trailer in a northerly direction on Highway 65, approximately one mile north of Ducor. On the two-wheel trailer was loaded a T.D.-6 International bulldozer with a blade attached. Augustine's truck developed motor trouble and he pulled his equipment off the paved portion of the highway and parallel to it, with the left side of the equipment approximately 9 feet from the east edge of the asphalt portion of the highway. Augustine hitchhiked to Terra Bella, where he phoned the yard of the Porterville Cement Pipe Company and talked to Peter Jurkovich, who then drove to Terra Bella and picked up Augustine at a service station. Augustine and Jurkovich then drove south past the stalled equipment in a two-ton International truck. Jurkovich made a "U" turn and parked on the east side of the highway south of the equipment. It was then about 5 p.m. and was getting dark. Augustine and Jurkovich unhooked the trailer from the stalled pickup truck and backed the tractor off of the trailer. Jurkovich then got in the stalled pickup truck and Augustine, driving the tractor, pushed

the pickup truck about 75 feet north of the trailer to get it out of the way so that the 2-ton truck could be attached to the front of the trailer. The bulldozer tractor was then maneuvered into a position at a 45-degree angle to the west side of the two-wheel trailer and the blade put underneath the tongue at the front of the trailer. The left rear corner of the bulldozer was then partially in the northbound traffic lane of the traveled portion of the highway. Immediately thereafter Jurkovich drove the 2-ton truck out onto the main traveled portion of the highway, blocking the northbound lane. At this time it was dark.

Ballard, in his Chevrolet sedan, approached the scene from the south. He was traveling between 55-60 miles per hour. The highway was straight and there were dips or swales in it. As he approached the equipment he saw two or three clearance lights along the side of a truck bed which was crossing the highway, traveling from east to west. He applied his brakes hard, laying down 65 paces of skid marks. Ballard's car skidded broadside into the southbound traffic lane and struck the Divizich G.M.C. truck, which was traveling south. The record shows that Divizich applied his brakes but that he had no recollection of the accident due to injuries sustained.

Both Augustine and Jurkovich admitted that the 2-ton truck had pulled onto the highway from the east side, moving to the west, immediately before the impact; that they did not use flares until after the accident; and that they loaded the bulldozer on the trailer after the accident and before the highway patrol officer arrived at the scene. Jurkovich testified that he moved the tractor after the collision because it might be in the way of oncoming traffic and the record shows that he stated to a highway patrol officer that he had just pulled off the road when the accident happened.

 Appellants' first contention is that the verdict against defendants Jurkovich is not supported by any substantial evidence of record. In *Realty Co. of America* v. *Burton,* 160 Cal.App.2d 178, 190 [325 P.2d 171], the court said:

"The function of and limitation upon an appellate tribunal in the determination of a claim of 'insufficiency of the evidence' is thus enunciated in *Bedford* v. *Pacific S. W. Corp.,* 121 Cal.App. 162, 163 [8 P.2d 558]:

" 'It is a commonplace of appellate procedure that every intendment is to be indulged by the appellate court in favor of the trial court's findings, that only the evidence most favorable to the successful litigant is to be considered, that

where divergent inferences reasonably may be drawn from the evidence that inference is to be indulged which will support the trial court's action, and that with all this in mind unless the court can say on appeal that the findings are wholly without substantial support in the evidence they cannot be disturbed. It is not sufficient that upon the same evidence the appellate court might have reached a different conclusion as triers of the facts. The burden is upon the appellant to demonstrate that as a reasonable man the trial judge could not reasonably have reached the conclusion that he did from the evidence before him.' ''

 The record shows that Ballard, who was an experienced driver, was driving on a straight and open highway; that he was well acquainted with this particular stretch of highway; that he was traveling between 55-60 miles per hour; that when he was about 300 feet from the scene of the accident he first saw the clearance lights along the truck bed and the truck going across the highway; that the truck continued to block the highway and that he put on his brakes hard and skidded into the Divizich pickup truck. There were no flares on the highway and the evidence supports a reasonable inference that the Jurkovich truck was blocking the highway, causing Ballard to suddenly apply his brakes in an attempt to avoid a collision.

 It is next argued that the physical facts and Ballard's own testimony show negligence on his part as a matter of law. This argument is based on the contention that Ballard did not have his automobile under control and was traveling at an excessive rate of speed. This question was one of fact for the jury and the trial jurors found that Ballard was free of negligence. The trial court confirmed this finding when it ruled against appellants on their motion for a new trial. There is substantial evidence in the record to support the inference that Ballard was not exceeeding the legal speed limit.

 Appellants claim that it was prejudicial error to instruct the jury, at the request of plaintiff Divizich, as follows:

"When the *negative* acts or omissions of two or more persons, whether committed independently or in the course of jointly directed conduct, contribute concurrently and as proximate causes to the injury of another, each of said persons is liable. This is true regardless of the relative degree of contribution." (Italics ours.) (It appears that the use of the word "negative" instead of "negligent" was a clerical error.)

Appellants argue that this instruction is fatally erroneous in this respect and in directing a verdict on a finding of negligence alone, without requiring a different result upon a finding also of contributory negligence. However, the court gave the following instruction on contributory negligence:

"Contributory negligence is negligence on the part of a person injured, which, cooperating with the negligence of another, helps in proximately causing the injury of which the former thereafter complains.

"One who is guilty of contributory negligence may not recover from another for the injury suffered. The reason for this rule of law is not that the fault of one justifies the fault of another, but simply that there can be no apportionment of blame and damages among the participating agents of causation."

When the entire instructions given are considered together and when the questioned instruction is considered in connection with the instruction the court gave on contributory negligence, no reversible error appears.

In *Gordon* v. *Aztec Brewing Co.*, 33 Cal.2d 514, 519 [203 P.2d 522], the court said: "In determining the propriety of an instruction the reviewing court should examine the charge as a whole. (*Wells* v. *Lloyd*, 21 Cal.2d 452, 458 [132 P.2d 471]; *Douglas* v. *Southern Pacific Ry. Co.*, 203 Cal. 390, 396 [264 P. 237].) If when considered together the instructions are found generally to state the applicable law, reversible error is not necessarily present even though an isolated instruction is defective in not containing all of the essential elements. (*Westover* v. *City of Los Angeles*, 20 Cal.2d 635, 637 [128 P.2d 350]; *Callet* v. *Alioto*, 210 Cal. 65, 70 [290 P. 438].)"

In the instant case the jurors were told that they were not to single out any certain sentence or any individual point or instruction and ignore the others, but that they were to consider all the instructions as a whole and to regard each in the light of all the others. In this connection it may be observed that in *Taylor* v. *Luxor Cab Co.*, 112 Cal.App.2d 46, 51 [246 P.2d 45], the court approved an instruction containing substantially the same language as that which is here questioned. No request was made that the questioned instruction be made more specific. And as is said in *Shook* v. *Beals*, 96 Cal.App.2d 963, 972 [217 P.2d 56, 18 A.L.R.2d 919]:

"The general rule is that where a general instruction is

given which is correct as far as it goes, being deficient merely by reason of its generality, the injured party may complain on appeal only in case he requests that the charge be made more specific or asks for other qualified instructions, and his request is denied. (*Peckham* v. *Warner Bros. Pictures*, 42 Cal.App.2d 187, 189 [108 P.2d 699]; *Eubanks* v. *Milton G. Cooper & Son, Inc.*, 68 Cal.App.2d 366 [156 P.2d 775]; 24 Cal.Jur. 796, § 74.)''

■ It is contended that the giving of an instruction on section 544 of the Vehicle Code relative to turning movements and required signals upon a roadway constituted reversible error. This contention cannot be successfully maintained. Ballard testified that the reason he applied his brakes was because he saw the truck of defendants Jurkovich moving across the highway from east to west and that the roadway was blocked. The driver of the Jurkovich truck pulled out from behind the tractor into the northbound traffic lane at a time when it can be reasonably inferred that such a move could not have been made with safety and the driver gave no signal.

■ It is further claimed that the refusal of the court to give defendants' Jurkovich requested instruction on the duty of Ballard to use ordinary care and skill to keep his automobile under such control as to avoid a collision constituted reversible error. This offered instruction is as follows:

''It was the duty of defendant William A. Ballard to use ordinary care and skill to keep the automobile he was driving always under control so as to avoid a collision with any other person lawfully using the highway. He did not have the right to assume that the road was clear, but under all circumstances and at all times he was required to anticipate and expect the presence of others lawfully upon the highway.''

The record shows that the jury was instructed clearly and concisely as to all of the issues in the instant case and that the last sentence in the offered instruction is faulty in that it imposed a duty upon Ballard under all circumstances and at all times to anticipate that the road was not clear. No prejudicial error appears in the refusal of this instruction.

■ Finally, appellants argue that under the evidence showing that any position of peril in which defendant Ballard may have found himself resulted from his own negligence, the giving of an instruction on the doctrine of imminent peril constituted error. This instruction was proper insofar as

Divizich was concerned and was not prejudicially erroneous insofar as Ballard was concerned for the record contains substantial evidence that Ballard was suddenly confronted with a truck blocking the highway and moving across it from east to west.

Judgment affirmed.

Griffin, P. J., and Shepard, J., concurred.