[Civ. No. 47. Fifth Dist. Nov. 30, 1961.]

THOMAS BUCKLEY, a Minor, etc., Plaintiff and Appellant, v. NORMAN H. WISEMAN, Defendant and Respondent.

T. N. Petersen for Plaintiff and Appellant.

Hansen, McCormick, Barstow & Sheppard, R. A. McCormick and William B. Boone for Defendant and Respondent.

BROWN, J.—This is an appeal from a judgment for the defendant and from an order denying plaintiff's motion for a new trial.

Plaintiff, a minor 16 months of age, was run over by a car operated by defendant at the Castle Air Force Base in Merced County.

On December 13, 1958, defendant and a Sergeant Wiggs were taking a can filled with trash to a "dumpster." The trash can was on the back of defendant's station wagon. Sergeant Wiggs drove a car to the scene of the accident, parking ahead of defendant on the other side of the street; he walked over to defendant's car, assisted defendant in emptying the trash into the dumpster and placing the can on the end of defendant's station wagon; then walked back to his car and drove off. During this time defendant was at the rear of his vehicle. He got back in the station wagon and testified that before he had moved one foot he felt a bump, then rolled ahead and felt a second bump, stopped, got out of the car and discovered that he had hit a child. There was testimony that there were no children in the immediate area. Apparently no one saw the plaintiff, as the plaintiff's father and mother were visiting with the Nickens family who lived in the area when the accident occurred. Mr. Buckley, the father of plaintiff, went into this house for a glass of water when, about three to five minutes later, a neighbor came in to state that the plaintiff had been run over by a car. The plaintiff sustained a fracture of the left leg and fracture of the collarbone as a result of this accident.

On this evidence, the jury returned a unanimous verdict for the defendant.

Plaintiff appeals from the judgment and from the order denying his motion for a new trial. Since an order denying a new trial in a civil action is not appealable, plaintiff's attempted appeal from that order must be dismissed. (Code Civ. Proc., § 963; *Pipoly* v. *Benson,* 20 Cal.2d 366, 368 [125 P.2d 482, 147 A.L.R. 515].)

Plaintiff was apparently injured in a subsequent accident on November 6, 1959, in which the right leg was broken. There are no details as to how this accident occurred.

As far as the issues are contained in this matter, there is no issue as to contributory negligence by the plaintiff or the imputed negligence of the parents of the plaintiff, nor is there any issue of the condition of the premises or notice thereof. The only issue before the court appears to be whether or not there was error in allowing hereinafter quoted testimony of Mr. McCormick's cross-examination of Dr. Hicks, plaintiff's witness, as to a subsequent accident.

"Q. Did she [meaning the mother] just ask you for a check-up of the left leg? A. She asked me for a check-up of the child in general.

"Q. Then I assume she told you that after the accident involving my client, another car ran over the little boy and busted the other leg?"

This line of questioning was objected to by counsel for the plaintiff and was overruled by the court.

The jury was also instructed that there was no issue of contributory negligence involved.

X-rays produced by plaintiff's counsel admitted in evidence and shown to the jury included X-rays of fractures of both legs.

The defendant claims that the evidence of the subsequent accident, the breaking of the right leg, was relevant in connection with a claim for permanent injury or disability, particularly as to whether or not the left leg would be permanently shortened. It was also necessary to compare the left leg with the right leg, which defendant's doctor, Dr. Prigge, stated was impossible to do while the right leg was still in a cast. Apparently there was no objection to Dr. Prigge's testimony.

Plaintiff's brief makes a great deal out of the injection into evidence of a subsequent injury to the plaintiff. He cites the general rule that the evidence of a driver's previous accident is inadmissible since such evidence would be immaterial in determining the driver's negligence on the occasion in question. He cites *Lowenthal* v. *Mortimer*, 125 Cal.App.2d 636 [270 P.2d 942]. In this case the court said at page 640:

"There are many reported cases in this and other jurisdictions involving efforts of both plaintiffs and defendants to place before a jury evidence of past personal injury lawsuits. It is generally held that evidence of previous accidents

is inadmissible in a civil action arising out of a motor vehicle accident, since such evidence is immaterial in the determination of the driver's negligence on the occasion in question. (*Hall* v. *Young*, 218 Ark. 348 [236 S.W.2d 431, 20 A.L.R.2d 1207, 1210].) The admission of such evidence is considered prejudicially injurious. (*Reid Auto Co.* v. *Gorsczya*, (Tex. Civ.App.) 144 S.W. 688.)''

Plaintiff also quotes from *Perrotti* v. *Sampson*, 163 Cal. App.2d 280, 286 [329 P.2d 310], as follows: ''Evidence of previous accidents is properly excluded since it has no probative value on the question of the party's negligence in the case at issue. [Citation.] In contradistinction to such evidence, the mere fact of the accident and the testimony tending to show that decedent was emotionally upset when he started to cross the highway would seem relevant on the question of contributory negligence. (*Cope* v. *Davison*, 30 Cal.2d 193, 202 [180 P.2d 873, 171 A.L.R. 667].)''

Plaintiff also cites that there are exceptions to the general rule to show contributory negligence, and quotes from *McGraw* v. *Friend & Terry Lumber Co.*, 120 Cal. 574, 577 [52 P. 1004], where the court said:

''Whether the court erred in refusing defendant's motion to strike out the evidence of Patrick Barry, to the effect that one night, sometime after the accident which is the subject of this action, he 'stepped back of the bulkhead and fell down,' need not be decided. It may tend to show negligence in permitting the space to be unprotected, and that in fact it was a dangerous place; but, on the other hand, it tends strongly to sustain appellant's contention that it was contributory negligence in any one who knew the condition of the unfinished sidewalk, and the unprotected space between it and the shed, to attempt to use it at night.''

The real problem before us is whether or not there was error in the admission of evidence with regard to the second accident involving the plaintiff. The jury was instructed as follows:

''You are instructed that the only question of lack of care or neglect in this case is the lack of care or neglect of defendant, Norman Wiseman. There is no question of any carelessness or negligence of the plaintiff, Thomas Buckley, the minor.''

''Even if it should appear to you from the evidence in this case that the parents of plaintiff were negligent in the manner in which they exercised, or failed to exercise, their parental

duties for his care, such negligence, if any, may not be imputed to the plaintiff and shall not constitute a bar to recovery by him, if otherwise he is entitled to recover.''

There is a discussion in defendant's brief as to comparative negligence, citing the Jones Act and quoting from *Johnson* v. *Matson Navigation Co.*, 163 Cal.App.2d 336, 338 [329 P.2d 375], as follows:

''Even if there were error in any part of this line of examination, it was not prejudicial. Appellant's argument that the evidence may have been considered by the jury on the issue of contributory negligence is not persuasive. The rule of comparative negligence applies in actions under the Jones Act. [Citations.] Thus contributory negligence is not a full defense, but results only in mitigation of damages. The jury here, in finding for defendant, impliedly found that no negligence on the part of defendant contributed to plaintiff's injury.''

Defendant contends that the evidence of the subsequent injury of the plaintiff was properly admitted, as follows:

1. *Defendant was entitled to show that he did not cause the fracture of the right leg.* The plaintiff produced X-rays which were shown to the jury showing fractures of both legs of the plaintiff, and plaintiff's doctor, Dr. Hoaglund, testified as to the X-rays of the other leg. The second accident involving the plaintiff occurred on November 6, 1959, and the X-rays taken subsequent to that date, especially Exhibit 21, revealed this fact to the jury as it was obvious. The plaintiff's counsel offered no explanation of how or when this subsequent accident occurred. In these circumstances, defendant claims that he is entitled to show that the defendant did not cause the fracture of the right leg, and that this subsequent injury did not aggravate the first injury. In *Johnson* v. *Matson Navigation Co.*, *supra*, 163 Cal.App.2d 336 [329 P.2d 375], the court stated at pages 337-338:

''In general, evidence of other accidents is not material on the issue of negligence. [Citation.] However, evidence of the former injury was admissible to show that appellant's present condition resulted in whole or in part from that injury. [Citation.] Evidence admissible for any purpose must be received, even if improper for another purpose.''

2. *Plaintiff complains of defendant's cross-examination of Drs. Hicks and Hoaglund, but says nothing of the same testimony brought out by Dr. Prigge.* Dr. Prigge's testimony was:

"Q. And were you on the occasion of that examination able to measure the difference in length of the legs? A. No, the child at that time had just sustained another injury and had a cast on the right leg, and so I felt that any attempt at comparative examination was impossible and suggested that we see him at a later time."

"Q. From your examination of this boy in November of 1959, even though you didn't take any X-rays of the boy, I take it you did perform a physical examination of him? A. Not particularly because of the fact that the cast was on it, on the side, and I suggested that I see the child again two months after the cast was taken off, that is giving a chance for the right leg to get better, and then examine it again. I wasn't examining for treatment. I was simply examining for an opinion, and as of my examination of November, there wasn't much of an examination made, because I couldn't make a comparison, so I did ask that the child be seen about two months after the cast was off."

The testimony of Dr. Prigge was not objected to; therefore, there was no prejudice involved by the facts disclosed by the testimony of the other witnesses.

3. *Subsequent injury testimony was relevant to any claim of permanent injury.* Defendant claims that this testimony was necessary to determine whether or not there was any difference in length of the two legs for comparison purposes. Plaintiff's doctor, Dr. Hoaglund, did testify that the fracture of the right leg had not yet affected the comparative length of the legs, although he thought there could be some effect in the future.

In the case of *Brown* v. *Affonso,* 185 Cal.App.2d 235, 238 [8 Cal.Rptr. 156], the court states: "The evidence concerning the prior injuries was relevant as the jury was entitled to consider how much, if any, of plaintiff's claimed disability or suffering was due to injuries received in the prior accidents."

The record shows that Dr. Hicks actually examined the boy at the request of the plaintiff's mother, but really knew nothing about the subsequent accident and was only making a check up for the mother on the 1958 injury.

The attempted appeal from an order denying a new trial is dismissed. The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.