[Crim. No. 1141.   In Bank.—June 14, 1904.]

## Ex Parte A. T. HELM, on Habeas Corpus.

Municipal Corporations — Special Charter — Continuance Under New Constitution.—A municipal corporation organized under a special charter prior to the adoption of the constitution of 1879 continues to exist under such act until it elects to organize under the general laws, or to obtain a freeholders' charter.

Id.—License-Tax for Revenue—Change of Constitution—"Municipal Affairs."—Such municipal corporation, since the adoption of the amendment of 1896 to section 6 of article XI of the constitution, is not controlled by general laws on "municipal affairs," and is not affected by section 3366 of the Political Code, enacted in

1901, but may, if authorized by its special charter, impose a license-tax for revenue, which is as to it a "municipal affair."

ID.—HABEAS CORPUS.—A person imprisoned for non-compliance with an ordinance of such municipal corporation imposing a license-tax for revenue is not entitled to be discharged upon *habeas corpus.*

WRIT OF HABEAS CORPUS to the Town Marshal of Santa Clara, holding petitioner under a judgment rendered by a justice of the peace of Santa Clara Township. I. Herrington, Justice.

The facts are stated in the opinion of the court.

Jacob Samuels, for Petitioner.

W. A. Johnston, for Respondent.

ANGELLOTTI, J.—The petitioner seeks his discharge from the custody of the town marshal of the town of Santa Clara, by whom he is held under a warrant issued upon a complaint charging him with having engaged in and carried on the business of selling goods, wares, and merchandise at a fixed place of business in said town without having first paid for and procured a license so to do, as required by an ordinance thereof.

The question presented by this proceeding is as to the power of the board of trustees of said town to impose a license-tax for revenue for municipal purposes upon persons carrying on business therein. If such power exists, the petitioner must be remanded.

The town of Santa Clara is a municipal corporation, existing under a special act of the legislature entitled "An act to reincorporate the town of Santa Clara," enacted prior to the adoption of the constitution of 1879. (Stats. 1872, p. 251.) That act constitutes the "charter" of the town, and fully defines the powers of the "board of trustees," which is the legislative body thereof. It is conceded that this act expressly confers upon the board of trustees the power to impose a license-tax for revenue purposes upon all and every kind of business authorized by law carried on in said town.

Petitioner's claim is, that this power was revoked by an act of the legislature of the state, approved March 23, 1901, by which a new section—viz., section 3366—was added to the

Political Code, the effect of which was to restrict the licensing power of boards of supervisors of counties and the legislative bodies of all cities and towns to matters of regulation alone, so far as the legislature had the power to so do. (Stats. 1901, p. 635; *Ex parte Pfirrmann,* 134 Cal. 143; *Sonora* v. *Curtin,* 137 Cal. 583; *Town of Santa Monica* v. *Guidinger,* 137 Cal. 658.)

It is, however, very clear that since the amendment of section 6 of article XI of the constitution in 1896 cities and towns existing under special acts of the legislature, approved prior to the adoption of the constitution of 1879, which have not elected to organize under the general laws relating to corporations for municipal purposes, are not in *"municipal affairs"* subject to or controlled by general laws.

It is conceded here, and it must be under the decisions, that the effect of such constitutional amendment was to exempt cities existing under freeholders' charters framed or adopted by authority of the constitution of 1879 from all interference by the legislature in municipal affairs.

There can be no distinction in this regard, in view of the language of the constitutional provision, between such cities and cities or towns existing under special legislative charters granted prior to the adoption of our present constitution.

The section of the constitution, after providing that corporations for municipal purposes shall not be created by special laws, and that the legislature shall, by general laws, provide for the incorporation, organization, and classification, in proportion to population, of cities and towns, which laws may be altered, amended, or repealed, is as follows, viz.: "Cities and towns heretofore organized or incorporated may become organized under such general laws whenever a majority of the electors voting at a general election shall so determine, and shall organize in conformity therewith; and cities and towns heretofore or hereafter organized, and all charters thereof framed or adopted by authority of this constitution, *except in municipal affairs,* shall be subject to and controlled by general laws," the italicized words having been inserted by the amendment of November 3, 1896. (Const., art. XI, sec. 6.)

It is well settled that under this provision any city or town existing under a special act of the legislature at the time of

the adoption of the present constitution continues to exist under such act until it elects to organize under the general laws enacted by the legislature for the organization of municipal corporations, or obtains a freeholders' charter under the provisions of section 8 of article XI of the constitution. (*Desmond* v. *Dunn*, 55 Cal. 242, 246; *Staude* v. *Election Commissioners*, 61 Cal. 313, 320; *Ex parte Armstrong*, 84 Cal. 655.) Until it does one or the other of these things the special act under which it exists, and which constitutes its charter, continues in force, and cannot be vacated or abrogated by any act of the legislature. (Cases last above cited.)

Prior to the "municipal affairs" amendment of 1896, it was, however, repeatedly held that all cities and towns, however organized, were, by virtue of the concluding sentence of section 6 of article XI of the constitution, "subject to and controlled by general laws." (*Staude* v. *Election Commissioners*, 61 Cal. 313; *Thomason* v. *Ashworth*, 73 Cal. 73; *People* v. *Henshaw*, 76 Cal. 436.) This was expressly held to be as true of cities existing under freeholders' charters adopted under the provisions of section 8 of article XI of the constitution as of cities and towns existing under special acts of the legislature and those existing under the general Municipal Corporation Act. (*Davies* v. *City of Los Angeles*, 86 Cal. 37; *Byrne* v. *Drain*, 127 Cal. 663.) The constitutional provision was by these decisions declared to be applicable to every city and town in the state.

The amendment of this provision of the constitution in the year 1896, by the insertion of the words "except in municipal affairs," was necessarily as far-reaching in its application as the original provision, except that, from the nature of things, it could not apply to cities and towns existing under the general Municipal Corporation Act, which was adopted by the legislature, and, by express provision of the same section of the constitution, is subject to alteration, amendment, and repeal by the legislature. Such cities and towns have always been and still are necessarily subject to and controlled by general laws, in the sense that general laws applicable to them may be altered, amended, or repealed by the legislature at its own pleasure, and new general laws in regard to them enacted, subject always to the limitation that the legislature must not enact "special laws" in regard thereto.

That the "municipal affairs" amendment is applicable to cities and towns existing under special acts of the legislature was expressly held by this court in at least two cases,—viz., *Morton* v. *Broderick,* 118 Cal. 474, and *Popper* v. *Broderick,* 123 Cal. 456.   The controversy in each of these cases arose while the city and county of San Francisco existed under the provisions of the act of the legislature known as the "Consolidation Act," and in each it was held that a general act of the legislature relative to municipal affairs was by reason of said amendment not applicable to said city and county. In the former of these cases the court, through Mr. Justice Henshaw, said: "Under this constitutional amendment, such acts now apply only to cities and to their charters which have organized under the general scheme embraced in the Municipal Corporation Act."

That the amendment is applicable to cities existing under freeholders' charters is, as said before, conceded.   (See *Byrne* v. *Drain,* 127 Cal. 663; *Ex parte Braun,* 141 Cal. 204.)

The two classes of cities and towns last named include all cities and towns in the state except those organized and existing under the general Municipal Corporation Act.

From what has been said it follows that cities and towns existing under special acts of the legislature have not been, since the adoption of the "municipal affairs" amendment of 1896, subject to or controlled by general laws, so far as "municipal affairs" are concerned, and that the provisions of such special acts, so far as they relate to "municipal affairs," cannot be affected by any law enacted by the legislature of the state.   It was held in the recent case of *Ex parte Braun,* 141 Cal. 204, that where the power to impose a license-tax for revenue for municipal purposes, is conferred upon a municipality, that power becomes a "municipal affair" within the meaning of those words as used in section 6 of article XI of the constitution.

Upon the authority of that case, it must here be held that section 3366 of the Political Code, enacted in 1901, has no application to the town of Santa Clara.

It follows that the writ heretofore issued must be discharged and the petitioner remanded, and it is so ordered.

Shaw, J., McFarland, J., and Henshaw, J., concurred.

VAN DYKE, J., concurring.—I concur in the foregoing opinion on the ground that *Ex parte Braun,* 141 Cal. 204, has definitely settled the question that a license imposed by a city or town for revenue is a municipal affair, within the meaning of section 6 of article XI of the constitution, and therefore not subject to or controlled by general laws.

BEATTY, C. J., dissenting.—I dissent upon the grounds stated in my dissenting opinion in *Ex parte Braun,* 141 Cal. 204.

Lorigan, J., also dissented.