[L. A. No. 18150. In Bank. May 1, 1942.]

EDNA PIPOLY et al., Appellants, v. FRANK BENSON et al., Respondents.

Laurence B. Martin and Samuel Reisman for Appellants.

Parker & Stanbury, Harry D. Parker, Raymond G. Stanbury, White McGee, Jr., and Richard Reese for Respondents.

Herbert W. Clark, Forrest A. Cobb, V. F. Bennett and Morrison, Hohfeld, Foerster, Shuman & Clark as Amici Curiae on behalf of Respondents.

GIBSON, C. J.—Plaintiffs, the widow and son of Eugene Pipoly, deceased, brought this action to recover damages for his wrongful death. The deceased was struck after dark by an automobile operated by the defendant Frank Benson while Pipoly was crossing Central Avenue near the intersection of East Seventy-eighth Street in Los Angeles. At the time of the accident Benson was driving an automobile owned by his wife and co-defendant, Myrtle Benson, and was acting within the

scope of his employment as her employee. Pipoly died as a result of his injuries and plaintiffs brought this action alleging that his death was caused by the negligence of defendant Frank Benson. Defendants denied the material allegations of the complaint and alleged as affirmative defenses that the death of deceased was caused by his own contributory neglifence or by unavoidable accident. The jury found for defendants and a judgment was given in their favor.

Plaintiffs appealed from the judgment and also sought to appeal from the court's denial of their motion for a new trial. Since an order denying a motion for a new trial in a civil case is not appealable (*Hughes* v. *De Mund,* 195 Cal. 242 [233 Pac. 94] ; *Drummond* v. *Drummond,* 39 Cal. App. (2d) 418, 421 [103 P.. (2d) 217] ; Code of Civ. Proc., sec. 963), plaintiffs' purported appeal from that order must be dismissed and only the appeal from the judgment need be considered.

The main ground which plaintiffs urge upon this appeal is that the instructions of the trial court respecting deceased's statutory obligations as a pedestrian were so conflicting as to constitute prejudicial error. The jury was instructed that under the Vehicle Code it is the duty of a pedestrian to yield the right of way to all vehicles on the roadway if crossing at any point other than within a marked crosswalk. This instruction sets forth the provisions of section 562(a) of the Vehicle Code: "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway." The court, however, also instructed the jury in the language of the Municipal Code of Los Angeles, section 80.38 : "No pedestrian shall cross a roadway other than by a crosswalk in a central traffic district or in any business district." The jury was told that if they found that deceased violated the ordinance he was presumptively guilty of negligence since it was stipulated that the accident occurred within a business district as defined by the ordinance. Plaintiffs argue that the ordinance is unconstitutional. It is said to conflict with the provisions of the Vehicle Code because it prohibits a pedestrian from crossing a roadway outside a crosswalk while the statute merely imposes upon the pedestrian an obligation to yield the right of way if he crosses outside the crosswalk. Since the trial court based its instructions to the jury upon the ordinance and also the statute, plaintiffs contend that the conflicting instructions require a reversal of the judgment for defendants.

A preliminary question is whether plaintiffs may raise this contention. No objection was made at the trial to the admission of the ordinance in evidence or to the giving of the instruction based upon the ordinance. Defendants argue that the failure to object to the introduction of the ordinance in evidence or to the giving of the instruction constitutes a waiver on the part of plaintiffs. The authorities cited by defendants, however, deal with failure to object to the admission of evidence. Since plaintiffs' contentions are directed at the giving of a particular instruction, we think their right to question the instruction on appeal is secured by Code of Civil Procedure, section 647, which states: ". . . Giving an instruction, although no objection to such instruction was made, refusing to give an instruction, modifying an instruction requested . . . are deemed to have been excepted to." (Cf. *Cook* v. *Los Angeles Ry. Corp.,* 13 Cal. (2d) 591, 593 [91 P. (2d) 118].)

The decisive issue presented by this appeal, therefore, is whether the Los Angeles ordinance regulating the conduct of pedestrians at crosswalks is in conflict with the provisions of the Vehicle Code and is for that reason invalid. If so, the giving of conflicting instructions where one is based upon the provisions of an invalid ordinance clearly constitutes error. (*Borum* v. *Graham,* 4 Cal. App. (2d) 331, 335 [40 P. (2d) 866].)

Where "municipal affairs" are concerned the Constitution gives authority to local governments to make and enforce laws and regulations subject only to the provisions of their charters. (Const., art. XI, § 6.) As to such matters local regulations are superior to the provisions of a state statute if there is conflict between the two. (*Ex parte Helm,* 143 Cal. 553 [77 Pac. 453]; *City of Pasadena* v. *Charleville,* 215 Cal. 384 [10 P. (2d) 745]; cf. *West Coast Adver. Co.* v. *San Francisco,* 14 Cal. (2d) 516, 519-521 [95 P. (2d) 138].) The regulation of traffic upon the streets of a city, however, is not one of those municipal affairs over which the local authorities are given a power superior to that of the Legislature. (*Ex parte Daniels,* 183 Cal. 636, 641 [192 Pac. 442, 21 A. L. R. 1172]; *Atlas Mixed Mortar Co.* v. *City of Burbank,* 202 Cal. 660 [262 Pac. 334]; cf. *Morel* v. *Railroad Commission,* 11 Cal. (2d) 488, 500 [81 P. (2d) 144].) The state's control over the regulation of traffic includes the reciprocal rights and duties existing between motor vehicle traffic and pedestrian traffic where conflict between state and local regulation is concerned. (*Mann*

v. *Scott,* 180 Cal. 550 [182 Pac. 281]; *In re Murphy,* 190 Cal. 286 [212 Pac. 30]; *Quinn* v. *Rosenfeld,* 15 Cal. (2d) 486 [102 P. (2d) 317].) In such a field as that presented in this case where the particular matter is outside the limited group of "municipal affairs," it is clear that local regulations upon the subject may be enforced only if they "are not in conflict with general laws." (Const., art. XI, § 11.) ▮ The applicable rule in these situations where state control is dominant has been stated as follows: "Where the legislature has assumed to regulate a given course of conduct by prohibitory enactments, a municipality with subordinate power to act in the matter may make such new and additional regulations in aid and furtherance of the purpose of the general law as may seem fit and appropriate to the necessities of the particular locality and which are not in themselves unreasonable." (*Mann* v. *Scott, supra,* p. 556.) The cases in this state have consistently upheld local regulations in the form of additional reasonable requirements not in conflict with the provisions of the general law. (*Mann* v. *Scott, supra; In re Hoffman,* 155 Cal. 114 [99 Pac. 517, 132 Am. St. Rep. 75]; *In re Iverson,* 199 Cal. 582 [250 Pac. 681]; *In re Simmons,* 199 Cal. 590 [250 Pac. 684]; Grant, "Municipal Ordinances Supplementing Criminal Laws," [1936] 9 So. Cal. L. Rev. 95, 98.)

▮ This general rule permitting the adoption of additional local regulations supplementary to the state statutes is subject to an exception, however, which is important in the present case. Regardless of whether there is any actual grammatical conflict between an ordinance and a statute, the ordinance is invalid if it attempts to impose additional requirements in a field which is fully occupied by the statute. Thus, it has been held from an early date that an ordinance which is substantially identical with a state statute is invalid because it is an attempt to duplicate the prohibition of the statute. (*In re Sic,* 73 Cal. 142 [14 Pac. 405]; *In re Mingo,* 190 Cal. 769 [214 Pac. 850]; cf. *Stanislaus Co. etc. Assn.* v. *Stanislaus County,* 8 Cal. (2d) 378, 384 [65 P. (2d) 1305]; Grant, *op. cit. supra* at pp. 95-96.) The court said in the Sic case, *supra,* pages 146, 148: "The section plainly covers the same ground as the Penal Code. It was probably intended to cover some supposed defects in the Penal Code, still it denounces as criminal precisely the same acts which are attempted to be prohibited by the code. . . . It would seem that an ordinance must be conflicting with the general law which may operate to prevent a prosecution of the offense under the general law." Para-

doxical as it may seem, it is apparent that an ordinance and a statute may be identical under this rule and yet the ordinance is invalid because within the constitutional provision it is in conflict with the statute. (*Ex parte Daniels, supra*, p. 645.) The invalidity arises, not from a conflict of language, but from the inevitable conflict of jurisdiction which would result from dual regulations covering the same ground. Only by such a broad definition of "conflict" is it possible to confine local legislation to its proper field of *supplementary* regulation.

Where a statute and an ordinance are identical it is obvious that the field sought to be covered by the ordinance has already been occupied by state legislation. The exception to the general rule permitting additional local regulation has been also applied, however, in situations where it is not so apparent that the field is already occupied by a statute. In *Ex parte Daniels, supra*, it was held that, if such was the intent of the Legislature, a statute setting up a general scheme for the control of motor vehicles on the highways might constitutionally occupy the entire field so that local ordinances on the subject would be invalid. (*In re Murphy, supra; Atlas Mixed Mortar Co.* v. *City of Burbank, supra;* Grant, *op. cit.· supra* at pp. 99-100.) "The effect of these several decisions is to declare that whenever the State of California sees fit to adopt a general scheme for the regulation and control of motor vehicles upon the public highways of the state, the entire control over whatever phases of the subject are covered by state legislation ceases insofar as municipal or local legislation is concerned." (*Atlas Mixed Mortar Co.* v. *City of Burbank, supra*, p. 663.) Under these circumstances, the ordinance is invalid because there is no room left for supplementary local regulation of the particular subject and any such legislation is necessarily inconsistent with the state law. The difficult question in such cases is whether the state law was intended to occupy the entire field. Where the statute contains language indicating that the Legislature did not intend its regulations to be exclusive, the general rule permitting additional supplementary local regulations has been applied. (*In re Iverson, supra*, p. 588; *Natural Milk Prod. Assn.* v. *San Francisco, ante*, p. 101 [124 P. (2d) 25]; *In re Simmons, supra*, p. 593.) Conversely where the statute contains express provisions indicating that the Legislature intends its regulations to be exclusive within a certain

field, the courts have given effect to this intention. (*Ex parte Daniels, supra,* pp. 641-642; Grant, *op. cit. supra* at p. 102.) As was pointed out in the Daniels case, a mere prohibition of local regulation on a particular subject without any affirmative act of the Legislature occupying that field would be ineffective. But where such a declaration accompanied a general scheme for the control of motor vehicles, the court said (pp. 642-643): "It was clearly the intention of the legislature to declare that the limitation upon speed fixed in the law shall be the only limitation controlling the conduct of the driver of a motor vehicle upon the streets and highways of the state. . . . It cannot be doubted that the legislature . . . intended to occupy the whole field of traffic regulation, and in construing these prohibitory clauses relating to the powers of local legislative bodies, such provisions should not be ignored as unconstitutionl, if a reasonable or even a strained construction can be adopted which would give them a constitutional effect. . . . Indeed . . . the purpose of the legislature to prevent a reduction of speed limits, and a consequent lack of uniformity in such, is apparent. If this was the legislative purpose, such enactment is clearly within the scope of their constitutional power, and local ordinances fixing other and different rates of speed, *ipso facto,* conflict with the state legislation." (See *People* v. *Huchstep,* 114 Cal. App. (Supp.) 769, 772 [300 Pac. 448].)

On this appeal plaintiffs urge that the ordinance involved is unconstitutional since it invades a field of traffic regulation which the Legislature intended to occupy fully. We think this contention is correct. Vehicle Code, section 458, which is found in division IX, chapter II of that code, provides: "The provisions of this division are applicable and uniform throughout the State and in all counties and municipalities therein and no local authority shall enact or enforce any ordinance on the matters covered by this division unless expressly authorized herein." Express authorization has been granted for local control over such matters as regulating processions, the operation of vehicles for hire and regulating traffic by means of officers or traffic signals. (Vehicle Code, § 459.) Local authorities are also authorized to enact special rules and regulations dealing with parking of vehicles. (Vehicle Code, § 472.) The regulation of pedestrian traffic in its use of the public roadways, however, is not a matter

concerning which express authorization has been given for local regulation. (See *Quinn* v. *Rosenfeld,* 15 Cal. (2d) 486, 490 [102 P. (2d) 317].) It follows that if the use of public roadways by pedestrian traffic is a "matter covered" by the provisions of division IX of the Vehicle Code, the Legislature's intent to occupy that field of regulation fully is clearly indicated by section 458 of that code.

Chapter X of division IX (Veh. Code, §§ 560-564) is entitled "Pedestrians' Rights and Duties." Section 560 requires the driver of a vehicle to yield the right of way to a pedestrian crossing the roadway within a crosswalk. Section 561 provides that where a pedestrian tunnel or overhead crossing is available, any pedestrian who crosses a roadway by means other than the tunnel or overhead crossing must yield the right of way to vehicles on the highway. Section 562 provides: "(a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway. (b) The provisions of this section shall not relieve the driver of a vehicle from the duty to exercise due care for the safety of any pedestrian upon a roadway." Section 563 states: "(a) At intersections where traffic is controlled by a traffic control signal device or by police officers, pedestrians shall not cross the roadway against a red or stop signal. (b) Between adjacent intersections so controlled pedestrians shall not cross at any place except in a crosswalk." Section 564 requires that a pedestrian walk upon his left-hand edge of the roadway outside business or residence districts. It is apparent from an examination of this chapter that the subject of pedestrian rights and duties at crosswalks is a matter covered by division IX of the Vehicle Code. Giving effect to the declaration of intention set forth in section 458, therefore, it is necessary to hold that the regulation of pedestrian traffic at crosswalks is a field intended to be occupied fully by the state legislation. Within such a field there is no scope for the supplementary local regulation ordinarily permissible, and the Los Angeles ordinance must be held invalid under the principles laid down in *Ex parte Daniels, supra.*

Cases cited by defendants and amici curiae in opposition to the conclusions announced herein are cases which uphold the generally recognized right of local authorities to enact

additional local regulations. (*In re Iverson, supra; In re Hoffman, supra; Mann* v. *Scott, supra; Borum* v. *Graham, supra; Mecchi* v. *Lyon Van & Storage Co.*, 38 Cal. App. (2d) 674 [102 P. (2d) 422, 104 P. (2d) 26].) While the principle thus announced is the general rule, as recognized herein, it does not have application where the Legislature has clearly indicated its intention of occupying the field completely. In *Mann* v. *Scott, supra,* page 559, the court clearly stated that the supplementary local regulations of motor vehicle traffic were permissible in the Motor Vehicle Act of 1913 which was there involved, but indicated that under the Act of 1915 the Legislature's declaration of its intention to occupy the field fully might result in a contrary conclusion. When that act was presented to this court for consideration in *Ex parte Daniels, supra,* the court gave effect to the Legislature's intent (as has already been stated) and held that additional local regulation in such a field would be improper. Likewise, the decision in *Borum* v. *Graham, supra,* involved the Vehicle Act as it existed in 1928, before the Legislature first enacted regulations dealing with pedestrian rights and duties in 1931. Under those circumstances, additional local regulation was undoubtedly proper since pedestrian rights and duties were not at that time within the field covered by the state legislation. A similar situation was presented in *Mecchi* v. *Lyon Van & Storage Co., supra.* Defendants also rely upon our decision in *Quinn* v. *Rosenfeld, supra,* but the local ordinance there involved was not the basis for the decision. No instructions to a jury were involved in that case, and the decision concluded that since the ordinance made no attempt to prohibit the plaintiff's conduct, it was unnecessary to decide whether the ordinance was invalid on the ground that it related to a matter covered by division IX of the Vehicle Code. (*Quinn* v. *Rosenfeld, supra,* p. 490.) The case was decided solely with reference to the provisions of the Vehicle Code and is not in conflict with our conclusions herein. It is suggested that local authorities must have power over pedestrian traffic in order to meet local conditions. If that is the case, the Legislature's authorization might be sought to permit local authorities to make supplementary regulations upon this particular phase of traffic regulation as has already been done with such matters as parking and the designation of one-way streets. Furthermore, it should be noted that the Vehicle Code

already requires pedestrians to cross roadways *within cross-walks* where the adjacent intersections are controlled by traffic signals or police officers. (Veh. Code, § 563(b).)

For the reasons set forth herein, we conclude that section 80.38 of the Municipal Code of Los Angeles must be held to be unconstitutional since it conflicts with the Vehicle Code by attempting to legislate upon a subject intended to be covered fully by an act of the Legislature. The instruction given by the trial court which was based upon the provisions of the Los Angeles ordinance, therefore, was erroneous and since it conflicted with the instruction based upon the provisions of the Vehicle Code, the error requires a reversal of the judgment. (*Westberg* v. *Willde,* 14 Cal. (2d) 360, 369-371 [94 P. (2d) 590]; *Borum* v. *Graham, supra,* p. 335; 24 Cal. Jur. 820.)

The purported appeal from the order denying a new trial is dismissed. The judgment for defendants is reversed.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Traynor, J., concurred.

Respondents' petition for a rehearing was denied May 28, 1942.