[Civ. No. 8413.   Third Dist.   Mar. 16, 1954.]

F. E. WILSON et al., Appellants, v. DONALD H. GURNEY, Respondent.

Elbert E. Hensley and Allan M. Carson for Appellants.

Falk & Falk for Respondent.

SCHOTTKY, J.—Plaintiffs commenced an action to recover for personal injuries and property damage resulting from a collision between a Lincoln two-door sedan and a dump truck loaded with gravel. Plaintiff Wilson was the driver of the Lincoln automobile, and the other plaintiffs were guests in the car. The dump truck was being driven by defendant Gurney, its owner. Defendant Gurney filed an answer denying the material allegations of the complaint, and also filed a cross-complaint for damage to his truck, but said cross-complaint was dismissed by him during the trial. The action was dismissed also as to the fictitious defendants.

The case was tried by the court sitting without a jury, and the court found that defendant was free from negligence. in the matter; that no act or omission on his part in any way caused the collision or any damage suffered by any of the plaintiffs; and that driver Wilson was negligent and that this negligence was the sole, direct and proximate cause of the accident. Judgment was entered in favor of defendant in accordance with said findings, and plaintiffs' motion for a new trial was denied. Plaintiffs have appealed from the judgment and also from the order denying plaintiffs' motion for a new trial. Since the order is not appealable (Code Civ. Proc., § 963; *Pipoly* v. *Benson,* 20 Cal.2d 366, 368 [125 P.2d 482, 147 A.L.R. 515]), plaintiffs' appeal therefrom must be dismissed.

Appellants make the following contentions: (1) That the finding that respondent was not negligent in the matter is unsupported by the evidence; (2) that the finding that appellant F. E. Wilson (the driver of the Lincoln sedan) was negligent is likewise unsupported by the evidence; (3) that

the court erred in granting judgment in favor of respondent and against the other appellants who were guests in the Lincoln sedan; and (4) that the court erred in denying appellants' motion to reopen the case. The first three contentions attack the sufficiency of the evidence, and before discussing them we shall give a brief summary of evidence, bearing in mind the familiar rule that all conflicts in the evidence must be resolved in favor of the prevailing party.

The accident occurred at about 9:45 a. m. on the morning of July 5, 1950, at or near the intersection of United States Highway 101 and a public road known as Kent Street or Citizens Dock Road, just south of the city of Crescent City in Del Norte County. Highway 101 is a two-lane highway and runs in a northwesterly and southeasterly direction at this point. Kent Street intersects the highway from the westerly side, in a so-called "T" intersection. Both vehicles were proceeding in the same direction on Highway 101, approaching the intersection from the south. The highway is straight for a distance of approximately 1,800 feet south from the intersection. The weather was clear and the sun was shining. The collision occurred when respondent was making a left turn into Kent Street and driver Wilson was attempting to bring his car to a stop after he had crossed over into the left lane in an effort to overtake and pass the truck.

The evidence shows that respondent had a rear view mirror on his truck and that he could see both lanes of the highway behind him by looking into the mirror. He testified that when he was about 220 to 230 feet from the intersection he observed the Lincoln sedan coming around a bend in the road behind him, but he could not estimate its speed. The sedan was then approximately 1,800 feet from the intersection, or more than a quarter of a mile behind respondent's truck. It was in the right-hand lane on the highway. At that time respondent, who had been traveling at about 35 miles per hour, reduced his speed and made a hand signal for a left turn. He testified that he continued to give the hand signal until he reached the intersection. The impact occurred while he was making the left turn, and he admitted that he did not look into the mirror again, to check the position of the other car, before starting to cross the center line in making the turn.

Skid marks showed that the Lincoln sedan skidded about 115 feet before the impact and thereafter skidded, somewhat

sideways, another 43 feet before stopping on Kent Street. These marks also showed that the Lincoln was in the left-hand lane on Highway 101 when the brakes were first applied, and that the car angled toward the left and was partially off the pavement during the last 40 feet or so before the impact. The truck and load, which weighed about 30,000 pounds, apparently was pushed sideways a few feet by the impact, and then went forward and stopped at about the northwesterly corner of the intersection. Respondent testified that his speed was less than 10 miles per hour when he started to make the turn. Respondent testified that his front wheels were about even with Kent Street when he started to make the left turn and Officer Plaisted of the State Highway Patrol, who measured the skid marks, testified that the point at which impact occurred ''was almost even with Kent Road; very little off.''

We are unable to agree with appellants' contentions that the findings of the court as to negligence are not supported by the evidence. As is usual in such cases, the evidence was highly conflicting, and it was for the trial court to weigh the evidence and resolve the conflicts. The following analysis by the trial court in its memorandum opinion is fully supported by the record:

''In the present case the court cannot escape the conclusion that the Lincoln car was being driven at a considerable rate of speed, that it proceeded to a point close behind the truck and then turned rather sharply out into the west lane and started to pass. The probabilities would seem to indicate that a signal of intent to turn was given by defendant but that the Lincoln was traveling too fast to retard speed sufficiently to turn back in behind the truck. According to the pictures introduced into evidence the intersection was clearly visible for a considerable distance by a vehicle approaching from the south and the driver should not have attempted to pass. It does not seem probable that a horn signal was given at least until too late to warn defendant in time to stop his left hand turn.

''It is the law of course that negligence on the part of a driver of a vehicle cannot be attributed to his guests. Undoubtedly the other plaintiffs were all guests of plaintiff F. E. Wilson. In order for the guests to recover from this defendant, however, they must have sustained the burden of proving their case against him by a preponderance of the evidence. The court does not feel that plaintiffs' proof es-

tablishes negligence amounting to want of ordinary care on the part of defendant or that, assuming any negligence at all, it was the proximate cause of the collision. It is obvious that the accident would not have happened had the driver of the Lincoln not attempted to pass at the intersection in violation of law, and the fact that he did so attempt constitutes negligence and the direct and proximate cause of the accident and injuries."

There is evidence that respondent did look when he approached the intersection and started to slow down for the turn. There is also evidence that he gave a hand signal for a left turn. The law prohibits overtaking and passing a vehicle within 100 feet of an intersection such as this (Veh. Code, § 530(b)2), and respondent would have been justified in assuming that the sedan would not try to pass him at this point. He might also reasonably assume, from the distance of the sedan behind him, that it would not be in a position to pass him before he made the left turn. Respondent did not look again for the sedan when he started his left hand turn across the highway, but the court found that this was not negligence and the finding is supported by evidence.

We are convinced that the issues of negligence, contributory negligence, and proximate cause were questions of fact for the trial court to determine, and that the trial court's findings in favor of respondent upon said issues are supported by substantial evidence in the record.

Appellants contend also that the court erred in denying their motion to reopen the case. Apparently no affidavit was filed in support of the motion, but their argument shows that their sole purpose in having the case reopened was to permit them to introduce in evidence a copy of a diagram made by Officer Plaisted and from which he testified at the trial. The data on the diagram would only have been cumulative and, moreover, there is no showing that appellants could not have introduced it during the trial. The court did not err in denying the motion. (*Estate of Jepson,* 178 Cal. 257, 261 [172 P. 1107].)

No other points raised require discussion.

The purported appeal from the order denying a new trial is dismissed. The judgment is affirmed.

Peek, J., and Paulsen, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.