[Civ. No. 8662.   Third Dist.   Dec. 2, 1955.]

CLIFFORD H. ECHOLS et al., Appellants, v. CARL C. FABYUNKEY, SR., Respondent.

Erling S. Norby for Appellants.

Rich, Fuidge & Dawson and Rich, Carlin & Fuidge for Respondent.

SCHOTTKY, J.—Plaintiffs commenced an action for damages alleging that the death of their son, Thomas Echols, age 2 years, 10 months, was caused by the negligent operation of defendant's 1948 pickup truck. Defendant filed an answer denying any negligence on his part and also setting up the defense that plaintiffs were negligent in that they failed to exercise due care for the safety of their son and were themselves guilty of negligence and contributory negligence. The action was tried before the court sitting without a jury and the court found that "said accident occurred without negligence on the part of either said decedent or of said defendant and was unavoidable in character." Judgment was entered in favor of defendant, and plaintiffs made a motion for a new trial which was denied. Plaintiffs have appealed from the judgment and from the order denying that motion for a new trial. The order denying the motion being nonappealable (Code Civ. Proc., § 963; *Pipoly* v. *Benson*, 20 Cal.2d 366, 369 [125 P.2d 482, 147 A.L.R. 515]), the appeal therefrom must be dismissed.

The only issue involved upon this appeal is the sufficiency of the evidence to support the judgment. Appellants' argument may be summarized in their own words as follows: ". . . it is the contention of plaintiffs that the defendant was negligent as a matter of law in that he utterly failed to keep a proper lookout ahead; that the defendant at the time of and preceding the accident was not exercising that degree of prudence and watchfulness—a proper lookout ahead—that the law requires of him in the operation of a motor vehicle."

The accident occurred a little after 5 o'clock in the afternoon of March 15, 1953, on a lightly traveled, unpaved but graveled foothill road, 28 feet 2 inches of flat surface across, with about an 18-foot graveled portion in the center. At the place of impact the generally traveled path followed by vehicle traffic was westerly of the center of the graveled portion so that a vehicle following the more firmly packed down traffic tracks, and going northerly, would have its left wheels 5 or 6 feet

from the left edge of the graveled portion. This is known as the Texas Hill Road and runs in a straight northeasterly direction from the point at which respondent entered upon it for over 100 yards to the point of impact and for some distance beyond. Going northerly the road is upgrade to the extent that respondent was proceeding in second gear and at a speed of 15 miles per hour. For at least 100 yards respondent had a clear view of the road and meadow on each side, and he saw three children playing just off the edge of the shoulder of the road on the left (decedent was the fourth child). He traversed this road two or three times a day and often saw children playing in the vicinity of the road near this location.

About 10 minutes before the accident, decedent, his half-brother Jerry, aged 8, and two younger children had been playing about a little cave-like indentation and a piece of tin material, off the right side of the road. Then Jerry and two of the children crossed over to the left side of the road where they were playing when respondent saw them. The decedent, Tommy, remained on the right side. Although the testimony of Jerry is confusing, the court found that when respondent was approximately 30 feet from the point of impact, decedent ran across the road from right to left and after reaching safety, Jerry, who was confused because of the imminent peril, advised him to "go back," when he meant to say "come back," and Tommy again ran out into the road from left to right and was struck. At the time of impact respondent's vehicle had passed Jerry and was between Jerry and Tommy and Jerry did not see the collision. Respondent saw no child on the road at any time. He only saw a "flash like a bird" directly ahead of his right headlight and going from right to left. He didn't know that he had struck a child until he stopped the car, got out and looked back. When he picked the child up his head was where the left wheel would come.

Respondent was 68 years of age, wore glasses and had had an operation for cataract on one eye in 1947 and on the other in 1950. However, he demonstrated to the satisfaction of the court that his eyesight was satisfactory.

We are unable to agree with appellants' contention that respondent was negligent as a matter of law. We believe that the evidence presented an issue of fact and that the court's determination that respondent was not guilty of negligence is supported by the record. ▮ As is so often

stated in instructions to juries in negligence cases, negligence is not an absolute term but a relative one, and in deciding whether there was negligence in a given case the conduct in question must be considered in the light of all the surrounding circumstances as shown by the evidence. Appellants' argument upon the question of the sufficiency of the evidence is but an argument as to the weight of conflicting evidence.

Issues of fact must be determined by the trial court and an appellate tribunal is bound by the familiar rule that before it can be justified in reversing a judgment upon the ground of the insufficiency of the evidence, it must appear from the record that accepting the full force of the evidence, together with every inference favorable to the prevailing party which may reasonably be drawn therefrom, and excluding all evidence in conflict therewith, it still appears that the law precludes such party from recovering a judgment.

It would serve no useful purpose to review the cases cited by appellant as the factual situations in those cases were different from those in the instant case. Each case must be determined upon its own facts. In the instant case the court found that respondent did all he was required to do under the circumstances and that the tragedy was an unavoidable accident. The trial court in denying appellants' motion for a new trial stated: ''I can't see anything at all as far as liability is concerned. I think it is just one of those unavoidable accidents that could have happened to you or me or anyone else driving along at that rate of speed. . . . It was just a question of whether or not he acted as a reasonable, prudent driver would have under the circumstances as they developed there and to hold him negligent would be wrong in my opinion.''

In view of the foregoing we are satisfied that the conclusion reached by the trial court finds substantial support in the record.

The judgment is affirmed and the purported appeal from the order denying the motion for a new trial is dismissed.

Van Dyke, P. J., and Peek, J., concurred.