[L. A. No. 24645.   In Bank.   June 26, 1959.]

WALTER L. STEPHENSON et al., Respondents, v. CITY OF PALM SPRINGS et al., Appellants.

Jerome J. Bunker, City Attorney, Sheppard, Mullin, Richter, Balthis & Hampton, George R. Richter, Jr., and Edwin H. Franzen for Appellants.

Severson, Davis & Larson, Nathan R. Berke, George Brunn, Brobeck, Phleger & Harrison and Marion B. Plant as Amici Curiae on behalf of Appellants.

Lewis Garrett and Lionel Richman for Respondents.

Charles P. Scully and Victor Van Bourg as Amici Curiae on behalf of Respondents.

SCHAUER, J.—Defendants, the city of Palm Springs and its chief of police, appeal from a judgment which permanently enjoins them from enforcing a "right-to-work" ordinance enacted by the Palm Springs city council on November 14, 1956.[1] We have concluded that under the law as settled in

---

[1]The ordinance provides in material part as follows:

"Right-to-Work

"2920. Public Policy. It is declared to be the public policy of the City of Palm Springs that the right of persons to work shall not be denied or abridged on account of membership or non-membership in any labor organization. Sections 920 to 923, inclusive, of the Labor Code of the State of California have been construed by its courts to protect the rights of persons to work despite membership in a labor organization. On the other hand, those sections have been construed by the Supreme Court of California as not prohibiting or preventing a closed shop or union shop which has the effect of denying the right to work because of non-membership in a labor organization. It is the intention of this ordinance to prohibit closed shop and union shop agreements of any type *which are neither prohibited nor authorized by state laws* and to prevent any person being deprived of his employment because of his non-membership in a labor organization. [Italics added.]

"2921. Prohibited Agreements. No person shall be denied the opportunity to obtain or retain employment because of non-membership in a labor organization, nor shall the city, or any corporation, individual

*Chavez* v. *Sargent* (1959), *ante*, p. 162 [339 P.2d 801], the state law of California has occupied the field to the exclusion of local ordinances and, hence, that the judgment should be affirmed.

The pending matter was determined in the trial court solely upon the pleadings. Walter L. Stephenson, a member of Local Union 440, International Brotherhood of Electrical Workers, brought the action individually and in a representative capacity on behalf of the union and its members. The complaint alleges that on December 29, 1956, plaintiffs and H & S Electronic Service Corp., an employer, entered into a written collective bargaining agreement which provides, among other things, that the employer "shall employ only members in good standing in the Union" except in cases where the Labor Management Relations Act of 1947 (the Taft-Hartley Act, 29 U.S.C.A. § 141 et seq.) applies. If it applies, the employes are required to become union members within 31 days after the beginning of employment and to maintain membership as a condition of employment.

Plaintiffs further allege that the employer maintains "its sole place of business in the City of Palm Springs, hires employees in the City of Palm Springs and conducts its business in said City." There are no allegations suggesting that interstate commerce is involved or that the employer's business affects it.

After alleging that defendants threaten plaintiffs with criminal prosecutions for having entered into the described

or association of any kind enter into any agreement, written or oral, which excludes any person from employment or continuation of employment because of non-membership in a labor organization.

"2922. VOID AGREEMENTS. Any act or any provision in any agreement which is in violation of this ordinance shall be illegal and void.

"2923. VIOLATION A MISDEMEANOR. Any person, corporation or association of any kind who violates, or attempts to induce another to violate, any provision of this ordinance, or who enters into any agreement containing a provision declared illegal by this ordinance, or who attempts to enforce in this city any provision in an agreement made elsewhere which provision is declared illegal by this ordinance, shall be guilty of a misdemeanor and subject to the penalties provided by Section 0313 of the 'Palm Springs Ordinance Code.'

"2924. INJUNCTIVE RELIEF. No provision or provisions of this ordinance shall prevent the granting of injunctive relief to any person or persons injured or threatened with injury by any act declared illegal by this ordinance.

"2925. SEVERABILITY [sic.]. The provisions of this ordinance are declared to be severable, and the unconstitutionality or invalidity of any section or provision of this ordinance shall not affect the remainder thereof."

collective bargaining agreement, and that for stated reasons defendants' threatened enforcement of the ordinance will irreparably injure plaintiffs and deprive them "of their rights of self organization and free competition for employment," plaintiffs pray for an injunction against such enforcement.

Defendants demurred for failure of the complaint to state a cause of action, the court overruled the demurrer and granted a preliminary injunction, and defendants thereafter waived their right to answer and stipulated with plaintiffs that the matter be submitted for final judgment upon the pleadings theretofore filed. The court permanently enjoined defendants from enforcing the ordinance, and this appeal followed.

■ It is the announced intention of the Palm Springs ordinance (§ 2920) "to prohibit closed shop and union shop agreements of any type which are neither prohibited nor authorized by state laws." But this stated intention to avoid either forbidden duplication or forbidden conflict (*Pipoly* v. *Benson* (1942), 20 Cal.2d 366, 370-371 [125 P.2d 482, 147 A.L.R. 515]) is immediately contravened by the fact that sections 2921, 2922, and 2923 of the subject ordinance purport to declare that all closed and union shop agreements are illegal, void, and criminal, whereas under state law (Lab. Code, §§ 920-923, 1115-1122, 1126, as explained in *Chavez* v. *Sargent, supra, ante,* p. 162) such agreements are encouraged and protected.

■ The separability clause of the ordinance (§ 2925) cannot save it. In regard to this local legislation (as in regard to the state legislation considered in *Smith* v. *Cahoon* (1931), 283 U.S. 553, 563-564 [51 S.Ct. 582, 75 L.Ed. 1264]), the following considerations are important (bracketed modifications adapt the Smith case language to our situation; the unconstitutionality with which we are here concerned is the city's exceeding its power, under California Constitution, article XI, section 11, to enact and enforce police measures which do not conflict with general laws) :

"If it be said that the [ordinance] contemplated the severability [sic] of its requirements in providing . . . that if any of its provisions were held to be unconstitutional, the validity of the remaining portions should remain unaffected, the answer is that no line of severance is indicated in the terms of the [ordinance]. The effect of this saving clause is merely that, if one provision is struck down as invalid, others may stand. But until such separation has been accomplished by judicial decision, the [ordinance] remains with its inclusive

purport, and those concerned in its application have no means of knowing definitely what eventually will be eliminated and what will be left. . . .

"If, ignoring the explicit comprehensiveness of their requirements, it could be said that the provisions of the [ordinance] should be severed . . ., the result would be to make the [ordinance], until such severance was determined by competent authority, void for uncertainty. . . . The [city council] could not thus impose upon laymen, at the peril of criminal prosecution, the duty of severing the . . . provisions and of thus resolving important constitutional questions with respect to the scope of a field of regulation as to which even courts are not yet in accord."

For the reasons hereinabove stated the judgment is affirmed.

Gibson, C. J., Shenk, J., Spence, J., and Peters, J., concurred.