61 Cal.App.3d 1 (1976)
132 Cal. Rptr. 645
THE PEOPLE, Plaintiff and Appellant,
v.
THURMAN A. JOHNSON, Defendant and Respondent.
Docket No. 14078.
Court of Appeals of California, Appellate Department, Superior Court, Los Angeles.
July 15, 1976.
*3 COUNSEL
Burt Pines, City Attorney, Ward G. McConnell and Joseph McCarthy, Deputy City Attorneys, for Plaintiff and Appellant.
Ritner & Wong and William B. Ritner for Defendant and Respondent.
OPINION
MARSHALL, P.J.
Defendants[1] allegedly violated Los Angeles Municipal Code section 28.16, subdivision (a),[2] by not clearly and visibly posting the price of gasoline. Defendant's demurrer was sustained and the complaint dismissed on the ground that state law and regulations preempted the ordinance.
(1) The court in In re Hubbard (1964) 62 Cal.2d 119, 128 [41 Cal. Rptr. 393, 396 P.2d 809], held that chartered cities have full power to legislate in regard to municipal affairs unless: "1) the subject matter has been so fully and completely covered by general law as to clearly indicate that it has become exclusively a matter of state concern; (2) the *4 subject matter has been partially covered by general law couched in such terms as to indicate clearly that a paramount state concern will not tolerate further or additional local action; or (3) the subject matter has been partially covered by general law, and the subject is of such a nature that the adverse effect of a local ordinance on the transient citizens of the state outweighs the possible benefit to the municipality."
(2) As we cannot discover in Business and Professions Code, section 20880[3] et seq., an intent of the Legislature to occupy the field to the exclusion of municipal regulation, we hold that the city is not preempted from passage of Municipal Code section 28.16 subdivision (a). (Bishop v. City of San Jose (1969) 1 Cal.3d 56, 61-62 [81 Cal. Rptr. 465, 460 P.2d 137].) As the ordinance concerns itself with the elimination of local traffic hazards, it certainly is not exclusively a matter of state concern nor one that will not tolerate local action. The ordinance does not have an adverse effect on transient citizens which outweighs the possible benefit to the municipality. Furthermore, as neither visibility from a distance nor local traffic congestion are subjects with which the statute deals, the city may legislate thereon. (See In re Hubbard (1964) supra, 62 Cal.2d at p. 126.)
*5 The purpose of the Los Angeles municipal ordinance, stated in section 2 thereof, may be summarized as follows: As a result of the energy crisis, long lines of cars waited for gas. Their drivers could not be informed about the price of the gas by the signs required by state law until they arrived at or near the pump. By posting signs as demanded by the ordinance, all drivers could be so informed without waiting until they came to the pump; drivers could therefore avoid the traffic congestion and hazards created by their moving to another station if the price was *6 not to their liking. Such was not the primary purpose of the statute (§ 20880 et seq., Bus. & Prof. Code); the Legislature's intent was the prevention of misleading advertising. (See Serve Yourself Gas, etc. Assn. v. Brock (1952) 39 Cal.2d 813, 818 [249 P.2d 545].)
Although both statute and ordinance deal with the same subject (sign size), that of itself does not void the ordinance. (Daniel v. Board of Police Commissioners (1961) 190 Cal. App.2d 566, 570 [12 Cal. Rptr. 226]; see also Pipoly v. Benson (1942) 20 Cal.2d 366, 370-372 [125 P.2d 482, 147 A.L.R. 515]; Bishop v. City of San Jose, supra, p. 62.)
"The cases in this state have consistently upheld local regulations in the form of additional reasonable requirements not in conflict with the provisions of the general law." (Pipoly v. Benson (1942) 20 Cal.2d 366, 370 [125 P.2d 482, 147 A.L.R. 515].) The ordinance not only does not conflict with the statute, in fact, it specifically provides in section 1, subdivision (c) that signs posted pursuant to its requirements "shall not be inconsistent with the provisions of Article 8 of Chapter 7 of Division 8 (sections 20880 et seq.) of the state of California Business and Professions Code." This ordinance actually provides for compliance with the statute.
Judgment as to Thurman A. Johnson is reversed.
Cole, J., and Alarcon, J., concurred.
NOTES
[1] The People in the instant case are appealing from a demurrer and the dismissal of the complaint against defendants Exxon Company, U.S.A. and Thurman A. Johnson. The docket indicates that on November 7, 1975, on the court's own motion, the complaint was dismissed as to both defendants, Johnson and Exxon Company. Although rule 105(e) of the California Rules of Court requires copies of briefs to be served on each adverse party who appeared separately, the record discloses that the People served only the attorneys for defendant-respondent Thurman A. Johnson; there is virtually no indication that Exxon was made a party to this appeal. Thus, this appeal has been taken only as to defendant Johnson and the dismissal of the complaint as to Exxon stands. Although the notice of appeal lists both defendants Exxon and Johnson in the caption, it states that it is an appeal from an order sustaining defendant's (singular) demurrer and dismissing the case. This could mean either Exxon's demurrer or Johnson's. However, nothing else was done by appellant to bring in Exxon as respondent and the appeal will be treated as one from an order in favor of Johnson.
[2] "(a) Every person, firm, partnership, association, trustee, or corporation which owns, operates, manages, leases or rents a gasoline service station or other facility offered for sale, selling or otherwise dispensing gasoline or other motor vehicle fuel to the public from such a facility abutting or adjacent to a street or highway shall post or cause to be posted or displayed and maintain at said premises at least one sign, banner or other advertising medium which is clearly visible from all traffic lanes in each direction on such street or highway.

"Each said sign, banner or other advertising medium shall be readable from said traffic lanes and shall indicate thereon the actual price per gallon, including all taxes, at which each grade of gasoline or other motor vehicle fuel is currently being offered for sale, sold or otherwise dispensed, if at all, at said facility on said date."
[3] "(a) Nothing in this article shall be construed to apply to the price signs referred to in Article 5 (commencing with Section 20820) of this chapter; provided, however, that any numerals designating the net tax-included price per gallon for a particular brand or trade name of gasoline or motor vehicle fuel permitted under the provisions of Article 5 (commencing with Section 20820) of this chapter, unless otherwise stated herein, shall be identical in numerical value with numerals designating the net tax-included price per gallon for the same brand or trade name of gasoline or other motor vehicle fuel permitted under the provisions of this article.

"(b) Nothing in this article shall be construed to apply to the price signs referred to in Article 5 (commencing with Section 20820) of this chapter; provided, however, that any numerals designating the net tax-included price per gallon and the minimum octane number for a particular brand or trade name of gasoline permitted under the provisions of Article 5 (commencing with Section 20820) of this chapter, unless otherwise stated herein, shall be identical in numerical value with numerals designating the net tax-included price per gallon and the minimum octane number for the same brand or trade name of gasoline permitted under the provisions of this article.
"For purposes of this subdivision `gasoline' does not include gasoline sold for aviation purposes.
"As used in this subdivision `octane number' means the American Society for Testing and Materials octane number of the gasoline as defined by Section 20710.
"(c) No person shall keep, maintain or display on or near the premises of any place of business in this state any advertising medium, which indicates or shows or advertises the price of gasoline or other motor vehicle fuel sold, offered for sale or advertised for sale from such premises, unless the actual price per gallon of gasoline or other motor vehicle fuel including taxes is also shown on such advertising medium, together with the word or words `gasoline' or `motor fuel' and the trade name or brand and grade designation of the gasoline or other motor vehicle fuel product advertised for sale by such advertising medium.
"The numerals indicating the price on such sign shall be of uniform size and at least six inches in height. All letters or numerals used in designating the brand name or the words `no brand' on such sign shall not be less than one-third the size of the numerals designating the price and the height of such letters or numerals shall not be more than twice the dimension of the width. All letters or numerals used in designating the product, such as `gasoline' or other motor fuel, shall be not less than one-third the size of the numerals designating the price; and the height of such letters or numerals shall not be more than twice the dimension of the width, except that these letters or numerals need not be larger than four inches in height. All letters or numerals on such sign designating the grade of the gasoline or motor fuel shall be not less than one-sixth the size of the numerals designating the price and the height of such letters or numerals shall not be more than twice the dimension of the width.
"(d) No person offering for sale or selling any gasoline or motor vehicle fuel from any place of business in the State of California shall post or display a sign or statement or other advertising medium reading, in substance, `save' a designated amount, or a designated amount per gallon, such as `save 5 cents' or `save 5 cents per gallon', or using the expression `off' a designated amount, such as `5 cents off' or `5 cents less', or `discount' of a given amount, such as `5 cents discount', or otherwise using the words `save', `off', `discount', `less', `below', or any of them, or a word or words of similar meaning or other phraseology indicating a reduced price, unless there is posted and displayed in letters and numerals of at least equal size and as part of the same sign, statement or other advertising medium, the total price, or prices per gallon, including all taxes from which such reduction will be made, the reduction given and the total net price per gallon, including all taxes, at which gasoline or other motor vehicle fuel is being sold or offered for sale. Words shall be used to explain the reduced price, the amount of reduction, and the price from which the reduction is made. Such words shall be clearly shown in letters at least one-third the size of the numerals indicating the prices.
"(e) In the event that the same brand or grade of gasoline or motor fuel is sold at different prices from the dispensing devices on the premises of any single place of business, it shall be unlawful for any person to post or display any sign or advertising medium which indicates or shows or advertises a price of such brand or grade unless such sign or advertising medium indicates, shows, or advertises in letters or numerals of equal size each of the higher prices, including all taxes, for which such brand or grade is sold, offered for sale, or advertised for sale and unless such sign or advertising medium explains the conditions under which such brand or grade is advertised for sale, at different prices. The words of explanation shall be clearly shown in letters at least one-third the size of the numerals indicating the prices.
"The provisions of this section relating to the posting of octane numbers shall not be operative unless and until the Federal Trade Commission or any federal governmental agency adopts regulations relating to posting of octane numbers, in which case the provisions of this section shall become operative at the time designated in such regulations."