[Civ. No. 52709. First Dist., Div. Four. Mar. 24, 1982.]

MICHAEL DAVID AGUILAR, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE LOS GATOS-CAMPBELL-
SARATOGA JUDICIAL DISTRICT OF SANTA CLARA
COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

**COUNSEL**

Margaret C. Crosby, Alan L. Schlosser, Amitai Schwartz, Michael G. Chatzky and Steven R. Manchester for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Walter V. Hays, Town Attorney, for Real Party in Interest and Respondent.

OPINION

POCHÉ, J.—Michael David Aguilar appeals from a judgment of the Santa Clara County Superior Court which summarily denied his petition for writ of prohibition. We reverse.

FACTS

Aguilar was cited on two occasions for violating Los Gatos Town Code, chapter 16, article X, section 16-105, which prohibits "cruising" in the city's central business district. The ordinance defines "cruising" as "driving a motor vehicle on a highway (1) for the sake of driving, without immediate destination, (2) at random, but on the lookout for possible developments, or (3) for the purposes of (a) sightseeing repeatedly in the same area, and (b) while driving with the purpose of socializing with other motorists or pedestrians." (Los Gatos Town Code, § 16-100, subd. (b).)

Appellant demurred to the citations on the grounds that: (1) respondent, the Municipal Court for the Los Gatos-Campbell-Saratoga Judicial District, had no jurisdiction to proceed on the charged offenses because section 16-105 of the Los Gatos Town Code was unconstitutional on its face, and because this area of legislation was preempted by the Vehicle Code; and (2) the facts alleged did not constitute a public offense because the activity was protected by the 1st, 4th and 14th Amendments to the United States Constitution, and by article I, sections 2, 7, and 13 of the California Constitution. The demurrer was overruled. Appellant then filed a petition for a writ of prohibition in the Santa Clara County Superior Court in which he sought to restrain the respondent municipal court from proceeding upon the criminal citations. This appeal followed the summary denial of that petition.

DISCUSSION

Vehicle Code section 21[1] provides that "no local authority shall enact or enforce any ordinance on the matters covered by this code unless expressly authorized herein." ■ The Town of Los Gatos[2] contends the cruising ordinance is not preempted by the Vehicle Code because it does not regulate a matter covered by the code. To the contrary, the ordinance does fall within "matters covered by this code"—motor vehicle traffic control—a field which has been preempted by the state since 1935. (*City of Lafayette v. County of Contra Costa* (1979) 91 Cal. App.3d 749, 755 [154 Cal.Rptr. 374]; *Pipoly v. Benson* (1942) 20 Cal.2d 366, 371-373 [125 P.2d 482, 147 A.L.R. 515].)

Local regulation on a matter covered in the Vehicle Code is allowable under section 21 when "expressly authorized" by the Legislature. The Town sees such expression in section 21100, subdivision (a): "Local authorities may adopt rules and regulations by ordinance or resolution regarding the following matters: [¶] (a) Regulating or prohibiting *processions or assemblages* on the highways." (Italics added.)

Read literally, the cruising ordinance cannot be characterized as a regulation of a procession or assemblage because it applies to the individual driver's behavior irrespective of whether he or she is acting in a group. Conceding as much, the Town suggests the ordinance be interpreted to apply only when cruising is being engaged in by an "assemblage" of drivers. ■ Although courts have an obligation to go to reasonable lengths to "construe enactments to give specific content to terms that might otherwise be unconstitutionally vague," (*Associated Home Builders etc., Inc. v. City of Livermore* (1976) 18 Cal.3d 582, 598 [135 Cal.Rptr. 41, 557 P.2d 473, 92 A.L.R.3d 1038]; *Pryor v. Municipal Court* (1979) 25 Cal.3d 238, 253 [158 Cal.Rptr. 330, 599 P.2d 636]), no comparable duty exists in construing local enactments which tread upon areas preempted by state law. Our duty in such situations is quite to the contrary: "'[I]f there is a doubt as to whether or not such regulation is a municipal affair, that doubt must be resolved in favor of the legislative authority of the state.'" (*City of Lafayette v. County of Contra Costa, supra*, 91 Cal.App.3d at p. 753, quoting *Ex parte Daniels* (1920) 183 Cal. 636, 639 [192 P. 442, 21 A.L.R. 1172].)[3]

---

[1]Unless otherwise indicated, àll further statutory references are to the Vehicle Code.

[2]Although the "People" are the real parties in interest herein, they will be referred to as the Town or Town of Los Gatos for purposes of clarity.

[3]For instance, in *City of Lafayette v. County of Contra Costa, supra*, this court held that section 21101, subdivision (a), which authorized municipalities to close a highway

■ Because the Los Gatos cruising ordinance, by its terms, prohibits an individual's activity without reference to the activity of others such as driving a motor vehicle "for the sake of driving without immediate destination" it cannot be construed—literally, reasonably, liberally, or in any manner—as a regulation of group activity such as "processions or assemblages." The ordinance is what it purports to be: a regulation of individual motor vehicle drivers. As such it is an enactment in violation of section 21 and hence, void. The respondent municipal court therefore was without jurisdiction to proceed upon the criminal citation charging violations of Los Gatos Town Code, chapter 16, article X, section 16-105.

The judgment is reversed and the matter is remanded to the Santa Clara County Superior Court with directions to issue a peremptory writ of prohibition restraining the respondent municipal court from proceeding upon criminal citation Nos. A0022269-V and A0021990-L.

Rattigan, Acting P. J., and Christian, J., concurred.

---

completely to vehicular traffic if it is found to be "no longer needed for vehicular traffic," could not be construed as impliedly authorizing partial closure of a highway. (91 Cal.App.3d at pp. 755-757.)